341 So.2d 1287 (1977)
Helen ARCENEAUX, Plaintiff-Appellant,
v.
MOTOR VEHICLE CASUALTY COMPANY et al., Defendants-Appellees.
No. 5753.
Court of Appeal of Louisiana, Third Circuit.
January 31, 1977.
*1288 Caffery, Duhe & Davis by Jerry A. Oubre, New Iberia, Davidson, Meaux, Onebane & Donohoe by V. Farley Sonnier, Lafayette, for defendants-appellees.
Piccione & Piccione by Peter C. Piccione, Lafayette, for plaintiff-appellant.
Before HOOD, DOMENGEAUX and WATSON, JJ.
DOMENGEAUX, Judge.
In his written reasons for judgment the District Judge set forth a comprehensive statement of the facts pertinent to this litigation, and we adopt same as follows:
"On September 30, 1973, Helen Arceneaux was injured in an automobile accident off the Forty Arpent Road in Iberia Parish. On September 30, 1974, she filed a suit against the uninsured motorist carrier of the vehicle in which she was a passenger and against one `John Doe'.
Mrs. Arceneaux was a passenger in a vehicle travelling on the Forty Arpent Road that was forced off the road by a hit and run driver. She apparently had not ascertained the name of the hit and run driver and therefore alleged that he was unknown, thus `John Doe'.

*1289 On October 24, 1974, the uninsured motorist carrier (Motor Vehicle Casualty Company) filed a third-party petition alleging that the hit and run driver was one Paul Barrilleaux of Iberia Parish, who was insured by Allstate Insurance Company, and brought them into the suit.
On May 22, 1975, the plaintiff amended her petition to also bring Paul Barrilleaux and Allstate into the lawsuit.
Paul Barrilleaux and Allstate filed an exception to the petition and answered the pleadings with a general denial. The exception was one of prescription, claiming that since they were brought into the suit more than one year after the accident, that the claim to them had prescribed.
The facts of the case show that Helen Arceneaux was a passenger in a vehicle being driven by Mary Asberry, her daughter, and owned by the driver and her husband. While travelling at a moderate rate of speed, a vehicle attempted to pass them, but because of oncoming traffic had to return to the right side of the road suddenly. This sudden movement by the passing vehicle forced the car in which Mrs. Arceneaux was riding into a ditch, wherein she sustained certain injuries.
It is a finding of fact that when the passing vehicle forced the car in which Mrs. Arceneaux was riding off the road that there was some slight physical contact.
The car in which Mrs. Arceneaux was riding shall be referred to as the Asberry vehicle.
After the accident, Whitney, Guidry, Jr., a disinterested, solid citizen, stopped his car to see if the passengers in the Asberry vehicle needed assistance, and finding no immediate need, he then sped on to determine the license number of the passing car. He caught up with the car some miles later and identified it as a grey Oldsmobile with a 1973 license number of 3 C 414. He wrote this number down and later gave it to a State Trooper. The State Trooper testified that he made efforts to talk to the owner of this car, who was identified as a Mr. Paul Barrilleaux of 1316 Center Street in New Iberia, a 72 year old retired man. The trooper was unable to locate Mr. Barrilleaux, although the Sheriff's Department of Iberia had no problem in serving him with many of the subpoenas and summons in this case.
The license number of Mr. Barrilleaux's car, as well as the name of Mr. Guidry and another witness, were contained in the State Police report, a report which subsequently came into the hands of the plaintiff.
Mr. Barrilleaux and his wife testified that they knew nothing about the accident and this Court is convinced that they are telling the truth; however, this Court is equally convinced that Mr. Barrilleaux is the person who caused this accident. His car was well identified, as was he, by Mr. Guidry, and Mr. Barrilleaux himself testified that no one other than himself drives that car, and it has never been stolen. While this Court believes that Mr. Barrilleaux is telling the truth that he did not know of the accident, this Court is equally convinced that Mr. Barrilleaux was at fault, and that what actually happened was that Mr. Barrilleaux, on a day some two years ago, was going down this road, started to pass the Asberry car, and seeing an oncoming car, pulled to the right too fast, but did not realize that he touched the Asberry car, and did not realize that the Asberry car went into the ditch."
Motor Vehicle Casualty Company filed a motion for summary judgment which was denied. Paul Barrilleaux and Allstate Insurance Company filed an exception of no cause or right of action as against the third party demand of Motor Vehicle Casualty Company and also an exception of prescription against the original plaintiffs. The exception of no cause of action was sustained as to Allstate and denied to Barrilleaux. The exception of prescription was referred to the merits and sustained thereon. *1290 The trial judge further ruled that plaintiff was not covered under the uninsured motorist provisions of the policy issued by Motor Vehicle Casualty Company. Plaintiff has appealed contending that coverage existed under the Motor Vehicle Casualty Company policy and that prescription was interrupted against Paul Barrilleaux and Allstate Insurance Company.

THE MOTOR VEHICLE CASUALTY COMPANY POLICY
The policy issued by Motor Vehicle Casualty Company to the owner of the automobile in which plaintiff was travelling at the time of her injury contains the following provisions relative to uninsured motorist coverage:
"(c) `uninsured automobile' means:
(1) an automobile with respect to the ownership, maintenance or use of which there is, and at least the amount specified by the finance responsibility law of the state in which the insured automobile is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile, or with respect to which there is a bodily injury liability bond or insurance policy ...; or
(2) a hit-and-run automobile as defined;
but the term `uninsured automobile' shall not include:
(i) an insured automobile,
(d) `hit-and-run automobile' means an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (1) there cannot be ascertained the identity of either the automobile'; ..."
The most convincing piece of evidence contained in the record is the police report prepared by the investigating officer, Trooper Gerald Latiolais of the Louisiana State Police. The Police Report contained the names, addresses and phone numbers of two witnesses to the accident. The report further states that the offending vehicle was an Oldsmobile bearing Louisiana License No. "3 C 414". This evidence was easily obtainable by plaintiff, and she in fact possessed a copy of said report. We are of the opinion that the identity of either the owner or the operator of the offending vehicle in this case could have been ascertained without any great difficulty on plaintiff's part. Plaintiff apparently made no attempt to speak with either witness to the accident nor did she pursue the matter of the license number of the offending vehicle. It is significant that Motor Vehicle Casualty Company, as defendant and third party plaintiff, ascertained the identity of both the owner of the automobile and his insurer in a short time.
For these reasons we find that the trial judge correctly ruled that the Barrilleaux automobile was not a "hit-and-run automobile" as contemplated by the uninsured motorist provision of the Motor Vehicle Casualty Company policy, and accordingly we affirm his ruling that no coverage was provided thereby.[1]

PRESCRIPTION
Plaintiff amended her petition to include Barrilleaux and Allstate Insurance Company as defendants some nineteen months after the accident occurred. Since the action against Motor Vehicle Casualty Company is based on the contract of insurance and the suit against Barrilleaux and Allstate is founded in tort, those defendants are obviously not co-tort feasors or solidary obligors, and institution of suit against one will not interrupt prescription against the other.
*1291 However, plaintiff contends that the doctrine of contra non valentem should be applied here to interrupt prescription against Barrilleaux and Allstate. Our brothers of the First Circuit have succinctly stated the elements of the doctrine of contra non valentem in the case of Patin v. Stockstill, 315 So.2d 868 (La.App. 1st Cir. 1975):
"Said doctrine is an exception to the general rules of prescription and establishes that prescription does not run against persons unable to bring an action or against persons who for some reason are unable to act. However, the mere failure on the part of a plaintiff to ascertain whom to sue within a year does not toll the running of prescription, Dagenhart v. Robertson Truck Lines, Inc., 230 So.2d 916 (La.App. 1st Cir. 1970). Concealment of his identity by a defendant by silence alone is not enough to toll the running of prescription. Additionally, he must be guilty of some trick or contrivance tending to exclude suspicion and prevent the plaintiff from bringing his action. There must also be reasonable diligence on the part of the plaintiff to ascertain the identity of the party injuring him and the means of knowledge are the same in effect as knowledge itself, Martin v. Mud Supply Company, Inc., 239 La. 616, 119 So.2d 484 (1960)." (Emphasis added)
See also Jackson v. Zito, 314 So.2d 401 (La.App. 1st Cir. 1975), writ refused 320 So.2d 551, 553 (La.1975); Neyrey v. Lebrun, 309 So.2d 722 (La.App. 4th Cir. 1975); Steel v. Aetna Life & Casualty, 304 So.2d 861 (La.App. 3rd Cir. 1974), writ denied 315 So.2d 144 (La.1975); Hyman v. Hibernia Bank & Trust Company, 139 La. 411, 71 So. 598 (La.1916).
The district judge found as a matter of fact that Barrilleaux did not attempt to conceal his identity from plaintiff but was merely unaware of the occurrence of the accident. Furthermore, plaintiff was possessed with the means to ascertain the identity of the tort feasor. For these reasons we find the doctrine of contra non valentem inapplicable to the facts presented herein and that plaintiff's tort action against Barrilleaux and Allstate Insurance Company prescribed one year from the date of said accident. Thus we affirm the ruling of the trial court dismissing plaintiff's action against Paul Barrilleaux and Allstate Insurance Company.
For the above and foregoing reasons the judgment of the district court is affirmed. All costs of this appeal are assessed against the plaintiff-appellant, Helen Arceneaux.
AFFIRMED.
NOTES
[1] Although the issue is not raised, we find that the facts of this case preclude the application of LSA-R.S. 22:1406(D)(2)(B) relative to "underinsured motorists".