469 So.2d 510 (1985)
Steven J. SCHERER, et al. Plaintiff-Appellant-Appellee,
v.
John V. CHAISSON, Dairyland Insurance Company, State Farm Mutual Automobile Insurance Co. and United Services Automobile Association, Defendants-Appellees-Appellants.
No. 84-458.
Court of Appeal of Louisiana, Third Circuit.
May 15, 1985.
*511 Boagni, Genovese and Hebert, James T. Genovese, Opelousas, for plaintiff-appellant-appellee.
Davidson, Meaux, Sonnier & McElligott, John E. McElligott, Jr., Lafayette, Roy, Forrest and Lopresto, L. Albert Forrest, New Iberia, David A. Hurlburt, Lafayette, for defendants-appellees-appellants.
Before STOKER, LABORDE and KING, JJ.
KING, Judge.
The issue presented by this appeal is whether or not a policy of automobile liability insurance issued to a named insured affords underinsured motorist coverage to a non-resident of the named insured's household while the non-resident is driving a non-owned automobile involved in an accident with an underinsured motorist.
This is a tort action brought by plaintiffs, Steven J. Scherer (hereinafter Scherer) and Lauren I. Fillet, (hereinafter Fillet) seek to recover damages for personal injuries sustained as a result of an automobile accident which occurred in the City of Lafayette, Louisiana on April 1, 1982. Plaintiffs, Scherer and Fillet, sued the driver of the other automobile, John Chaisson, (hereinafter Chaisson) and his insurer, Dairyland Insurance Company (hereinafter Dairyland), State Farm Mutual Automobile Insurance Company (hereinafter State Farm), the insurer of Scherer under the provisions of underinsured motorist coverage in an automobile liability insurance policy issued to Scherer, and United Services Automobile Association (hereinafter U.S.A.A.), under the provisions of underinsured motorist coverage in an automobile liability insurance policy issued to Scherer's father, Carl Scherer. After suit was filed, plaintiff, Fillet, settled her claims. Prior to trial plaintiff, Scherer, settled his claims against Chaisson and Dairyland for the sum of $5,000.00 and released them, reserving all *512 of his rights and claims against State Farm and U.S.A.A. by which he sought to recover against them under the underinsured motorist provision of each of their policies. After trial on the merits, at the close of all the evidence, State Farm and U.S.A.A. filed motions for a directed verdict which were denied. Scherer's claims against State Farm and U.S.A.A. then went to the jury which returned a verdict in favor of Scherer and against State Farm and U.S.A.A. in the sum of $50,000.00 for his personal injuries. Thereafter, U.S.A.A. filed a motion to amend judgment, a motion for judgment notwithstanding the verdict and, alternatively, a motion for new trial. The trial judge rendered judgment not withstanding the verdict dismissing Scherer's suit against U.S.A.A. Judgment was then rendered in favor of Scherer and against State Farm in the sum of $50,000.00, less a credit of $5,000.00 for the amount received by Scherer in his settlement with Chaisson and Dairyland. Scherer then filed a motion for a new trial which was denied. Both Scherer and State Farm timely appealed. We affirm.

FACTS
The facts in this case are undisputed. Plaintiff, Steven Scherer, son of Carl Scherer was a student at and graduated from Southwestern Louisiana University in Lafayette, Louisiana in December 1981. While Scherer was a student and after his graduation his father, Carl Scherer, resided and was domiciled in Kenner, Louisiana. Scherer established his permanent residence in Lafayette, Louisiana after his graduation from college. Scherer owned, with title in his name, while he was a student and after he graduated, a 1979 Honda motorcycle which was insured as a described insured vehicle under his father's automobile liability insurance policy with U.S.A.A. His father, Carl Scherer, wanting to make sure that his son would still be covered under his U.S.A.A. policy, after his son's graduation from college and while operating his motorcycle, telephoned his insurer, U.S.A.A. He testified that he spoke to a representative of U.S.A.A. and was told that his son would be covered until the policy expired. Mr. Scherer testified that he was aware his son would be covered as his permittee, but not as an insured, because he had graduated from college and was no longer a member of his household. The accident occurred three months later while Scherer was driving the car owned by his girlfriend, Fillet, when it collided with a car driven by John Chaisson which turned left in front of him. Scherer suffered serious injuries.
The Louisiana Uninsured Motorist Statute, LSA-R.S. 22:1406, requires that unless waived all insurance policies issued in Louisiana shall provide uninsured motorist coverage for a person who qualifies as an "insured" under the policy. However, a person who does not qualify as an "insured" under a policy of insurance is not entitled to uninsured motorist coverage. Seaton v. Kelly, 339 So.2d 731 (La.1976); Malbrough v. Wheat, 428 So.2d 1110 (La. App. 1st Cir.1983); Schmidt v. Estate of Choron, 376 So.2d 579 (La.App. 4th Cir. 1979).
The automobile insurance policy issued by U.S.A.A. to Carl Scherer contains the standard uninsured motorist provision. For the purposes of uninsured motorist protection, the policy defines "insured" as "the named insured and any relative." (Part IV, Definitions) The term "relative" is further defined under the definition provisions of the policy, which is also made applicable to the uninsured motorist provision of the policy, to mean "a relative of the named insured who is a resident of the same household." (Part I, Definitions)
Scherer and State Farm argue that he was an insured under the underinsured provisions of the U.S.A.A. policy issued to his father since he owned and had title to the motorcycle which was listed in the policy as an insured vehicle. We disagree. The fact that Scherer owned the motorcycle insured under the policy did not make him an insured under the policy. The policy clearly defines "insured" as the named insured and any other relative who is a *513 resident of the same household. Steven Scherer was not a "named insured" or a "relative" under his father's policy with U.S.A.A. at the time of his automobile accident. He had been living in Lafayette in his own residence after his graduation from college and therefore was no longer a member of his father's household at the time of the accident. Scherer was only covered under his father's policy with U.S. A.A. as a permittee, while operating the motorcycle insured under the policy, but not while operating his girlfriend's automobile. Since he is not an "insured," he is not entitled to uninsured motorists coverage under the facts and circumstances of this case. Seaton v. Kelly, supra; Malbrough v. Wheat, supra; Schmidt v. Estate of Choron, supra; Cf. Hamilton v. State Farm Mut. Auto. Ins. Co., 364 So.2d 215 (La.App. 3rd Cir.1978), writ denied 366 So.2d 915 (La.1979); Sheppard v. North River Ins. Co., 362 So.2d 1212 (La.App. 4th Cir.1978), writ denied, 365 So.2d 247 (La. 1978); Scott v. Continental Insurance Company, 259 So.2d 391 (La.App. 2nd Cir. 1972); Ladner v. Andrews, 216 So.2d 365 (La.App. 3rd Cir.1968).
When there is no factual disputes, coverage is an issue of law to be decided by the trial court. Stewart v. Louisiana Farm Bur. Mut. Ins. Co., 420 So.2d 1217 (La.App. 3rd Cir.1982); Paret v. Louisiana Health Ser. & Indem., 366 So.2d 634 (La. App. 3rd Cir.1978), writ denied 369 So.2d 139 (La.1979). The standard of proof which the trial judge is to use in deciding a motion for judgment notwithstanding the verdict has been set forth by this Court in Rougeau v. Commercial Union Ins. Co., 432 So.2d 1162 (La.App. 3rd Cir.1983), where we stated that:
"We conclude that the standard for determining the propriety of granting a judgment notwithstanding the verdict is the same as used to determine whether a directed verdict should be granted. Boeing v. Shipman, 411 F.2d 365 (5th Cir. 1969); Lubbock Feed Lots, Inc. v. Iowa Beef Processors, 630 F.2d 250 (5th Cir. 1980); Wright and Miller, Federal Practice and Procedure, Volume 9, sec. 2537, page 599.
"In the present case the trial judge correctly adopted the standard to be applied in deciding whether a motion for judgment notwithstanding the verdict should be granted. The court's written reasons reflect its rationale:
`Louisiana courts adopted the standard for ruling on a motion for a directed verdict applied by the Federal courts. That standard was enunciated by the Third Circuit in Campbell v. Mouton, 373 So.2d 237 (La.1979), which quoted the following language of the U.S. Fifth Circuit Court of Appeal in Boeing v. Shipman, 411 F.2d 365 (5th Cir.1969):
"On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence-not just that evidence which supports the non-mover's case but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence of such quality and weight that reasonable and fairminded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to to the jury."'" Rougeau v. Commercial Union Ins. Co., supra, at page 1166.
In applying the standard the court cannot weigh the evidence, pass on the credibility of the witnesses, or substitute its judgment of the facts for that of the jury. Rougeau v. Commercial Union Ins. Co., supra; Campbell v. Mouton, 373 So.2d 237 (La.App. 3rd Cir.1979).
Considering these facts in light of the clear rule of law that coverage is to be decided by the trial court, we find the trial court's granting of judgment notwithstanding *514 the verdict, upon the trial court finding that at the time of the accident Scherer was not an "insured" under his father's U.S.A.A. policy, is correct.
State Farm argues on appeal that plaintiff failed to established by a preponderance of the evidence the underinsured motorist status of John Chaisson.
This issue was placed before the trial court on motions for directed verdict made by both State Farm and U.S.A.A. at the conclusion of the plaintiff's case. At the time of the motions Scherer had not placed any evidence into the record to establish that John Chaisson was an uninsured or underinsured motorist. However, the court permitted Scherer to reopen his case in order to submit the Dairyland insurance policy issued to John Chaisson. State Farm now contends that Scherer failed to prove that John Chaisson did not have excess insurance coverage beyond that provided by Dairyland and therefore failed to prove Chaisson was underinsured.
The uninsured or underinsured status of the offending motorist is a condition precedent to an insured's recovery against his insurer which must be alleged and proved. This burden rests with plaintiff. Loupe v. Tillman, 367 So.2d 1289 (La.App. 4th Cir.1979).
LSA-R.S. 22:1406(D)(6) provides that:
"(6) In any action to enforce a claim under the uninsured motorist provisions of an automobile liability policy, the following evidence shall be admissible as prima facie proof that the owner and the operator of the vehicle involved did not have automobile liability insurance in effect on the date of the accident in question.
(a) The introduction of sworn notarized affidavits from the owner and the operator of the alleged uninsured vehicle attesting to their current addresses and declaring that they did not have automobile liability insurance in effect covering the vehicle in question on the date of the accident in question. When the owner and the operator of the vehicle in question are the same person, this fact shall be attested to in a single affidavit.
(b) A sworn notarized affidavit by an official of the Department of Public Safety to the effect that inquiry has been made pursuant to R.S. 32:871 by depositing the inquiry with the United States mail, postage prepaid, to the address of the owner and operator as shown on the accident report, and that neither the owner nor the operator has responded within thirty days of the inquiry, or that the owner or operator, or both, have responded negatively as to the required security. This affidavit shall be served by certified mail upon all parties fifteen days prior to introduction into evidence.
(c) Any admissible evidence showing that the owner and operator of the alleged uninsured vehicle was a nonresident or not a citizen of Louisiana on the date of the accident in question, together with a sworn notarized affidavit by an official of the Department of Public Safety to the effect that on the date of the accident in question, neither the owner nor the operator had in effect a policy of automobile liability insurance.
(d) The effect of the prima facie evidence referred to in (a), (b) and (c) above is to shift the burden of proof from the party or parties alleging the uninsured status of the vehicle in question to their uninsured motorist insurer."
State Farm contends that Scherer was required to prove that Chaisson did not have insurance coverage in excess of that provided by Dairyland in order to prove Chaisson was underinsured. The statute provides that in an uninsured motorist claim, Scherer has the burden of proof that the owner or operator of the vehicle was underinsured at the time of the accident by several methods of proof which would establish a prima facie case strictly under the provisions of LSA-R.S. 22:1406 D(6), which would remove the burden of proof from the plaintiff and place the burden on the defendants. Plaintiff's failure to follow any one of these procedures set forth in the statute simply result in the burden of proof *515 remaining with the plaintiff to prove such facts by any other admissible evidence. Loupe v. Tillman, supra. See also Bullock v. Comm. Union Ins. Co., 397 So.2d 13 (La.App. 3rd Cir.1981). We find that the filing of the Dairyland insurance policy of Chaisson into evidence, together with proof that Scherer's damages exceed the limits of that policy, was sufficient for Scherer to meet his burden of proof under the statute that Chaisson was an underinsured motorist. Under the circumstances presented, we find that the burden of proof would then shift from the plaintiff to defendants to show that there were other applicable insurance policies of Chaisson in existence at the time of the accident if the defendants are claiming that Chaisson was not underinsured.
State Farm appeals urging that the trial court incorrectly awarded judgment against it in the sum of $50,000.00, subject to a credit for $5,000.00 paid by Chaisson and Dairyland in settlement to Scherer, since its policy limits for underinsured motorist coverage, in its policy issued to Scherer, were only $25,000.00. The evidence shows State Farm only afforded $25,000.00 of underinsured motorist coverage to Scherer. For this reason the judgment will be amended to award judgment in favor of Steven J. Scherer and against State Farm Mutual Automobile Insurance Company in the sum of $25,000.00, subject to a credit for $5,000.00 paid by Chaisson and Dairyland in settlement to Scherer, together with legal interest thereon from date of judicial demand, until paid.
For the above and foregoing reasons the judgment of the trial court is amended, and, as amended is affirmed. The costs are to be taxed equally to Scherer and State Farm.
AMENDED AND AFFIRMED.