546 So.2d 513 (1989)
Wanita COURMIER-TRAHAN, et al.
v.
SERVICE CAB COMPANY, INC., et al.
No. 88-CA-2442.
Court of Appeal of Louisiana, Fourth Circuit.
June 8, 1989.
Rehearing Denied August 9, 1989.
*514 Perrin C. Butler, Robert C. Stern, Perrin Butler, Ltd., Metairie, for plaintiffs-appellees, Wanita Courmier-Trahan.
Edward P. Lobman, Lobman, Carnahan and Batt, Metairie, for defendant-appellant, State Farm Mut. Auto. Ins. Co.
Before GARRISON, KLEES and WILLIAMS, JJ.
KLEES, Judge.
This case arises out of an automobile accident. On April 24, 1985, Wanita Courmier-Trahan, plaintiff, was a guest passenger in a taxi cab driven by Earl Mouchon for Service Cab Company, Inc. At the time of the accident, the taxi cab was parked on Canal Street near the intersection of Canal and South Cortez Streets in New Orleans. While Mrs. Trahan was seated in the back of the cab, an unknown vehicle suddenly struck the cab in the rear. After the impact, the unknown driver stopped his vehicle further down on Canal Street and came over to talk with the cab driver. Mr. Mouchon spoke with the unknown driver for about ten minutes. The unknown driver, however, left the scene of the accident without giving his identity to either Mrs. Trahan or Mr. Mouchon. Subsequent to the accident, Mrs. Trahan was diagnosed as suffering from internal disc derangement.
On May 31, 1985, Mrs. Trahan filed her original Petition for Damages, against Service Cab Company, the owner and operator of the taxicab, and State Farm Mutual Automobile Insurance Company, Inc., the plaintiff's uninsured motorist carrier. The petition alleged that the accident was the result of the sole or concurrent negligence of the cab driver, and that State Farm was responsible for this negligence through the UM policy issued to the plaintiff. The original petition did not specifically allege any negligence on the part of the unknown driver. On July 13, 1985, State Farm answered the suit, and thereafter noticed the depositions of Mrs. Trahan and Mr. Mouchon, which were taken on March 21, 1986.
On February 12, 1987, Mrs. Trahan amended her petition to claim for the first time that State Farm had been arbitrary and capricious in failing to make the unconditional tender afforded the plaintiff under the UM policy, and therefore was liable for penalties and attorney fees.
On February 23, 1988, Mrs. Trahan again amended her petition to specifically allege negligence on the part of the unknown driver, or State Farm as the UM carrier in place of the unknown driver. On March *515 11, 1988, State Farm filed an exception of prescription to the amended petition.
The trial was held on March 31, and April 4, 1988. The case was tried to a jury; however, the question of coverage of the State Farm policy and the issue of penalties and attorney's fees were tried to the court. The jury found that the unknown driver was 100 percent at fault in causing the damages and awarded Mrs. Trahan $75,000 in damages. The trial court judge assessed $9000 in penalties and $25,000 in attorney's fees against State Farm. The trial court also denied State Farm's exception of prescription. State Farm now appeals that judgment.
Defendant State Farm again alleges that the plaintiff's action against it for the negligence of the unknown driver is prescribed. Alternatively, State Farm claims that the UM policy does not cover the incident because the unknown driver does not fit the policy's definition of a "hit and run" driver. Finally, defendant contends that the damages awarded the plaintiff were excessive in light of the evidence, and that the trial judge further erred in assessing penalties and attorney's fees against State Farm. We find no merit in defendant's contentions, and affirm the trial court's decision.
PRESCRIPTION:
Mrs. Trahan's claim against State Farm for UM benefits, although filed more than two years after the accident, is not prescribed because it relates back to the timely filing of the original petition. La.C. CP. Art. 1153 governs the "relation back" of amended pleadings. It provides:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing of the original pleading.
It is well established that Article 1153 permits amendments, despite technical prescriptive bars, where the original pleading gives fair notice of the general fact situation out of which the amended claim or defense arises. Baker v. Payne & Keller of La., Inc., 390 So.2d 1272, 1275 (La.1980). Where there is some factual connexity between the original and amended assertions, together with some identity of interest between the original and the supplemental party, the amendment should be allowed. Baker at 1275.
The original petition of May 31, 1985, put State Farm on notice that it was being sued for UM benefits as a result of a two car collision in which the cab occupied by the plaintiff was rear-ended. The only difference between the original and the amended petition is the inclusion of a second uninsured motorist for whose actions State Farm was allegedly liable under the same UM policy. This situation is not analogous to cases in which the second or amended petition makes allegations against another insured covered by the same insurance company. See, e.g.: Trahan v. Liberty Mutual Ins. Co., 314 So.2d 350 (La.1975); Garrett v. Diaz Drayage Co., 442 So.2d 860 (La.App. 4th Cir.1983). In the instant case, the plaintiff is the insured in both instances, and her UM policy covers any uninsured motorist who negligently injures her. As State Farm was put on notice by the original petition of a claim under that UM provision arising out of the April 24, 1985 accident, we cannot find that a claim under the same provision arising out of the same accident but based on the conduct of another uninsured motorist is a separate cause of action. The purpose of UM coverage is to protect the insured when the person who injures him is either unknown or uninsured. Therefore, the specific identity of the uninsured motorist is not critical to the cause of action. State Farm was therefore not prejudiced by the amendment naming a second uninsured motorist in the suit.
State Farm also asserts that it was prejudiced because prior to February 23, 1988, when the supplemental petition was filed, it was only required to defend the actions of Mr. Mouchon. However, clearly one of the most effective ways of defending Mr. Mouchon would have been to show that the accident was caused solely by the unidentified driver. State Farm was aware of the *516 facts of this case and the existence of an unknown driver from the filing of the original petition.
Because the essence of interruption of prescription by suit is notice, and because State Farm clearly had notice of the plaintiff's suit against it and the occurrence upon which the demand was based, we hold that the running of prescription was interrupted. The exception of prescription was therefore properly denied by the trial court.
"Hit and Run" Driver
The trial court correctly determined that the unknown individual involved in the accident was a "hit and run" driver within the meaning of the UM policy. According to the policy, an uninsured motor vehicle includes "a hit and run land motor vehicle whose owner remains unknown...." The policy does not specifically define the term `hit and run'. Defendant argues that the unknown motorist is not a hit and run driver because he stopped and talked to the other people involved in the accident, although he did not reveal his identity.
The criminal law provides a definition which is useful by analogy. La.R.S. 14:100 defines hit and run as:
A.... the intentional failure of the driver of a vehicle involved in or causing any accident, to stop such vehicle at the scene of the accident, to give his identity and to render reasonable aid ...
B. (1) To give his identity, means that the driver of any vehicle involved in any accident shall give his name, address and license number of his vehicle or shall report the accident to the police.
Under this definition of `hit and run', there must be a showing of an intentional failure to stop, provide one's identity and render aid. A driver is required to do more than stop at the scene of the accident and render assistance. The driver must also give his identity which includes his name, address and license number. The unknown driver who struck the taxicab did stop and remained on the scene for a few minutes. He even spoke with the cab driver. However, the driver left the scene of the accident without disclosing his identity to anyone.
Although this case does not present the typical hit and run situation, the driver clearly would fall within the parameters of the criminal statute. The statute places the responsibility on the offending driver to come forward with the information required. There is nothing in the statute requiring the owner or occupant of the vehicle that was struck to request the identity of the offending driver. Even though both Mr. Mouchon and Mrs. Trahan had an opportunity to request the information from the driver, there was no affirmitive duty for them to have done so.
Moreover, we find that this driver fits under the UM policy's definition of "hit and run" because his identity remains unknown. The purpose of the UM coverage is to protect the insured. Unlike the situation in Arceneaux v. Motor Vehicle Casualty Co., 341 So.2d 1287 (La.App. 3d Cir. 1977), the identity of this driver is not susceptible to discovery. In Arceneaux, the plaintiff was in possession of a police report which contained the license number of the vehicle. Therefore, the court denied the driver "hit and run" status under the UM policy. Id. at 1284. In this case, however, if the unknown driver is excluded from coverage, the plaintiff would be totally barred from any recovery under the UM policy. To so exclude an unknown driver from coverage would create a loophole in the UM policy which was not intended. Therefore, we find that the trial court correctly held that the unknown driver was a "hit and run" driver within the terms of the policy.
QUANTUM
State Farm also claims that the jury award of $75,000 in damages was excessive in light of the evidence presented at trial. The trial court has wide discretion in fixing the amount of damages, and an award will not be disturbed on review unless there has been an abuse of discretion. Arceneaux, supra.
Since the accident, Mrs. Trahan has been diagnosed as suffering from internal disc derangement. Surgery has been recommended *517 by a treating physician to perform two level fusion using internal fixation devices. Although some of the physicians' testimony conflicts, there is evidence that Mrs. Trahan's injury was brought on by trauma. The physician who testified on behalf of State Farm conceded that the degenerative changes in her disc indicated by the x-rays could have been a consequence of the accident. Considering the type of injury, we find the trial court did not abuse its discretion in awarding $75,000.
For her part, Mrs. Trahan claims that the award should be increased to $100,000 because it is inadequate. The physicians who testified found that Mrs. Trahan had a degenerative disc condition; however, there was considerable disagreement over the extent of her injury. The lack of objective evidence offered as proof of her injury casts some doubt on the physicians' testimony. In addition, the severity of the impact suffered in the accident was called into question because there was no physical damage to the cab. Therefore, we decline to increase the award.
Penalties and Attorney's Fees
After the trial on the merits, the trial judge concluded that State Farm had arbitrarily and capriciously denied plaintiff an unconditional tender under the UM policy. The trial court assessed State Farm a twelve percent penalty in the amount of $9,000 and one-third attorney's fees in the amount of $25,000.
A claimant for penalties and attorney's fees under the statute has the burden of proving that the insurer failed to pay the claim within 60 days after receiving "satisfactory proof of loss" of the claim. McDill v. Utica Mutual Insurance Co., 475 So.2d 1085, 1089 (La.1985). A "satisfactory proof of loss" is that which is sufficient to fully apprise the insurer of the insured's claim. Id. Under McDill, the patient is required to establish:
(1) the owner or operator of the other vehicle involved in the accident was uninsured or underinsured;
(2) he was at fault;
(3) such fault gave rise to damages; and
(4) the extent of those damages
McDill, at 1089. Under all possible scenarios of this litigation, State Farm owed UM benefits to Mrs. Trahan. Either Mr. Mouchon or the unknown driver was liable to Mrs. Trahan. At best, $25,000 worth of primary insurance coverage was available. State Farm had taken depositions of both Mr. Mouchon and Mrs. Trahan by March of 1986. State Farm was informed of Mrs. Trahan's medical condition. As the information available to State Farm more than 60 days prior to trial showed that the primary coverage would be insufficient, and proof of loss was made, the imposition of penalties and attorney's fees was clearly warranted.
State Farm claims it was not afforded the sixty day period set out in McDill because the negligence of the unknown driver was not asserted until 37 days prior to trial. Nevertheless, State Farm was fully apprised that it had some liability to Ms. Trahan, as their insured. In this case, if State Farm had tendered some reasonable amount of general damages, it would not have been found arbitrary and capricious. McDill, at 1092. Even though State Farm had known of the accident for over two years, defendant claimed it had not enough time, which is further evidence of defendant's arbitrary and capricious behavior.
Accordingly, we find no manifest error in the trial court's conclusion that State Farm was arbitrary and capricious in its refusal to tender UM benefits.
For the foregoing reasons, the decision of the trial court is affirmed. All costs of this appeal are to be borne by appellant.
AFFIRMED.
WILLIAMS, J., dissents.
WILLIAMS, Judge, dissents.
Prescription
I respectfully dissent from the majority's opinion that plaintiffs claim against State Farm for the damages allegedly caused by the unidentified tortfeasor was not prescribed. Although plaintiff alleged damages *518 arising out of the same accident in both her original and amended petitions, the causes of action were different.
A cause of action is the existence of those facts which give a party a right to invoke judicial interference on his behalf, the particular material fact situation which is the basis of the right claimed. Trahan v. Liberty Mutual Insurance Co., 314 So.2d 350, 353 (La.1975), rehearing den. A cause of action in tort has no identity independent of the party upon whose fault it is based. Id., citing LSA-C.C. art. 2315.
In the first petition in the instant case, the cause of action was based upon only the negligence of the named defendant, Service Cab Company. In the amended petition, the cause of action encompassed wholly different facts constituting negligence of the unidentified driver, a different party upon whose separate alleged fault the action was based. In stating that "the only difference between the original and the amended petition is the inclusion of a second uninsured motorist for whose actions State Farm was allegedly liable under the same UM policy," the majority overlooks the fact that it is precisely the separate and distinct factual premise of plaintiff's claim against State Farm for damages allegedly caused by the unidentified driver that distinguishes it as a separate cause of action. That plaintiff was the named insured under the UM policy for both causes of action is immaterial.
The instant case is analogous to Trahan v. Liberty Mutual Insurance Co., supra. In Trahan, plaintiff's original petition named six executive officers of a company and their liability insurers as defendants. After a jury verdict absolved all defendants from liability, two of the plaintiffs filed second suits against the same insurers, this time alleging their liability for the negligence of certain employees not named in the original suit. The Louisiana Supreme Court held that the two suits asserted different causes of action and named the insurers in different capacities. Therefore, prescription had not been interrupted by the filing of the first suit.
Similarly, State Farm was originally sued in its capacity of plaintiff's UM insurer for the alleged negligence of Service Cab Company. The original petition gave notice as to this claim only. Two years and nine months later, barely one month before trial on the merits, State Farm was named for the alleged negligence of the unidentified driver. This placed State Farm in a different capacity in the suit and forced it to defend a separate cause of action. Only at this point did State Farm receive notice of the second claim against it, a fact not obviated by State Farm's notice of the accident in general. It is my opinion that State Farm was prejudiced by plaintiffs failure to timely sue State Farm on the second claim and that the trial court improperly denied the exception of prescription.[1]
"Hit and Run Driver"
Next, the record clearly reflects that the driver whose identity remains unknown was not a "hit and run" driver pursuant to a logical interpretation of the policy provisions. The testimony established that, after his car made contact with the taxicab, the unidentified driver not only stopped near the scene of the accident, but also conversed with the cab driver for a full five to ten minutes. Although plaintiff testified that she felt pain in her back immediately upon impact, she made no attempt whatsoever to ascertain the identity of the driver or his license number. Neither did she convey her complaints to that driver or to *519 Mr. Mouchon, the cab driver. It appears from the record that the unidentified driver and Mr. Mouchon separated without exchanging names only after surveying the apparent lack of damage resulting from the accident. Under the circumstances of this case, the plaintiff has an affirmative duty to ascertain the identity of the driver rather than merely rely on the fact that she has insurance. The imposition of such a duty upon the plaintiff in this case does not create a "loophole" for the UM carrier, as the majority suggests, but rather requires the insured to act in a reasonable manner to protect the rights and interests of the insurer, not unlike an insured's duty to cooperate in the defense or prosecution of a claim. In view of the fact that the plaintiff, not State Farm, was in the best position to ascertain the identity of the driver and could have done so with reasonable ease, justice requires that plaintiff fulfill this duty before she can recover under her UM policy.
Penalties and Attorney Fees
LSA-R.S. 22:658, which provides for penalties and attorney fees when an insurer fails to make payment to any insured within sixty days of proof of loss and demand, and when such failure is found to be arbitrary, capricious, or without probable cause, is penal in nature and must be strictly construed. Hart v. Allstate Insurance Co., 437 So.2d 823, 827 (La.1983), rehearing den.; Morgan v. American Fire & Indemnity Co., 506 So.2d 785, 788 (La.App. 1st Cir.1987), writ den., 512 So.2d 458 (La. 1987); Blackwell v. Daigle, 317 So.2d 18, 21 (La.App. 3d Cir.1975), writ den., 320 So.2d 563 (La.1975). The burden of proof is on the claimant to show satisfactory proof of loss as a necessary predicate to showing that the insurer was arbitrary, capricious or without probable cause. Hart v. Allstate Insurance Co., 437 So.2d at 827-828; Webb v. Goodley, 512 So.2d 527, 531 (La.App. 3d Cir.1987); See Rogers v. Ambassador Insurance Co., 452 So.2d 261, 264 (La.App. 5th Cir.1984), writ den., 457 So.2d 14 (La.1984).
The insurer must be fully apprised of the insured's claim before the insurer is deemed to have satisfactory proof of loss. Webb v. Goodley, 512 So.2d at 532. Specifically, the insurer must be fully apprised that 1) that the owner or operator of the other vehicle involved in the accident was uninsured or underinsured; 2) that he was at fault; 3) that such fault gave rise to damages; and 4) the extent of those damages. McDill v. Utica Mutual Insurance Co., 475 So.2d 1085, 1089 (La.1985); Webb v. Goodley, 512 So.2d at 532.
In the instant case, the trial court was clearly wrong in assessing penalties and attorney fees against State Farm. From May 31, 1985[2] until February 23, 1988,[3] plaintiff's sole claim against State Farm was based on the alleged negligence of the cab driver. During this entire period, no showing of the cab driver's fault was made. In fact, the cab driver was fully absolved from liability after trial on the merits. Where there is a serious factual issue as to liability and damages, penalties and attorney fees should not be awarded. Ellis v. MFA Mutual Insurance Co., 419 So.2d 92, 97 (La.App. 2d Cir.1982), writ den., 422 So.2d 158 (La.1982). Certainly, there existed a serious issue as to the liability of the cab driver, and State Farm was not arbitrary, capricious, or without probable cause in failing to make payment for the alleged negligence of that defendant.
Furthermore, plaintiff did not even allege negligence of the unidentified driver, much less fully apprise State Farm of his fault under McDill, until 37 days prior to trial, a full 23 days before expiration of the sixty day period set forth in LSA-R.S. 22:658. Thus, there could not have been a "failure to make such payment within sixty days after receipt of such proofs and demand therefore" under the statute. Moreover, there existed a serious legal issue, as evinced by this dissent, as to whether plaintiff's claim against State Farm based on *520 the negligence of the unidentified driver had prescribed.
Accordingly, as plaintiff's amended petition asserted a distinct cause of action and named State Farm in a different capacity than plaintiffs original petition, the amendment did not relate back to the original petition, and plaintiff's claim against State Farm for the negligence of the unidentified driver was prescribed. Further, since the unidentified driver stopped and conversed with the cab driver, and plaintiff made absolutely no attempt to ascertain his identity or license number, the unidentified driver was not a "hit and run" driver under the policy. In view of the legitimate legal and factual questions presented by this case and the fact that plaintiff failed to assert her cause of action against State Farm for the negligence of the unidentified driver until just before trial, State Farm's failure to make payment was in no way arbitrary, capricious, or without probable cause, and the trial court's award to plaintiff of penalties and attorney fees should be reversed.
For the foregoing reasons, I respectfully dissent.
NOTES
[1] I note that Baker v. Payne & Keller of Louisiana, Inc., 390 So.2d 1272 (La.1980), cited by the majority, is distinguishable on the facts. In Baker, the original petition named the employer and the employer's insurer, alleging fault of defendant's employees. The trial court dismissed the employer based on the exclusivity of the workers' compensation remedy, but gave the plaintiff extra time to amend the petition to allege a cause of action against the insurer. The amended petition then named the five employees whose alleged fault caused the accident. The court held that the original petition, which named the original defendants for the negligence of the same employees who were later brought into the suit, gave notice to the defendant insurer that a particular claim was being made based on a particular fact situation. There was one cause of action, and prescription was interrupted. As detailed above, this was clearly not the case in the matter before us.
[2] The date of filing of plaintiffs original petition.
[3] The date of the filing of plaintiffs amended petition alleging negligence of the unidentified driver.