618 So.2d 464 (1993)
David RELEFORD
v.
John DOE, Mary Carney and Champion Insurance Company.
No. 92-CA-2297.
Court of Appeal of Louisiana, Fourth Circuit.
April 28, 1993.
*465 Darleen M. Jacobs, Brian C. Beckwith, New Orleans, for plaintiff-appellee.
Edward E. Reynolds, Perlis & Hogg, Metairie, for defendant-appellant.
Before ARMSTRONG, JONES and WALTZER, JJ.
WALTZER, Judge.
The appellee, David Releford, was the owner and driver of the middle vehicle in a three car collision on December 7, 1985. Appellee was stopped behind a taxi cab at a stop light when his auto was struck from the rear by the driver of a 1980 green Honda. Appellee's car was forced into the taxi. The driver of the Honda initially stopped and exited his car but without exchanging any identifying information, he re-entered the car and fled the scene. Appellee chased the car and was able to get the license plate number which he turned over to the police. The police were able to obtain the name of the registered owner who was listed as Mary Carney of 1417 Elysian Fields Avenue, New Orleans.
Having sustained bodily injuries and the permanent loss of his car, appellee brought suit against Mary Carney, John Doe (the unknown hit and run driver), and Champion Insurance Company, his uninsured motorists carrier. When Champion became insolvent, the Louisiana Insurance Guaranty Association (LIGA) was added as Champion's statutory guarantor.
LIGA stipulated to the existence of uninsured motorists coverage by Champion and the binder agreement was introduced as evidence. The court found that the appellee had established a prima facie case of entitlement to collect from LIGA on the basis of the uninsured motorist policy. The lower court awarded the appellee $5,000 in general damages, $245 in medical expenses, plus court costs and judicial interest. Appellant filed this appeal alleging that the trial court committed manifest error in finding that the appellee offered *466 prima facie proof that the owner of the hit and run vehicle was uninsured.
The cornerstone of appellant's argument is that the appellee has not submitted the requisite affidavits or any other competent evidence sufficient to prove the lack of insurance coverage by the owner and operator of the vehicle in question. In appellant's view, the appellee has not satisfied his burden of proving every element of his cause of action and therefore, the finding of the lower court should be reversed.
LSA-R.S. 22:1406 provides the statutory scheme under which proof can be offered to show that the owner and operator of a vehicle does not have uninsured motorists coverage. The statute sets out various provisions whereby sworn notarized affidavits containing the requisite information can be secured from the owner and operator of the vehicle[1] or from the Department of Public Safety and Corrections.[2] They are admissible as prima facie proof that the owner and operator of the vehicle involved did not have automobile liability insurance in effect on the date of the accident. The effect of submitting the prima facie evidence referred to above is to shift the burden of proof from the appellee to Champion as his uninsured motorist carrier, and ultimately of course to LIGA as guarantor.[3]
None of the evidence submitted at the trial consisted of the affidavits specified in the statutory scheme. Therefore the burden of proving that the owner and driver of the offending vehicle were uninsured at the time of the accident remained with Releford who could prove such facts with any other admissible evidence. Scherer v. Chaisson, 469 So.2d 510 (La.App. 3d Cir.1985); Loupe v. Tillman, 367 So.2d 1289 (La.App. 4th Cir.1979).
There is very little direct evidence in the record to prove the uninsured status of the owner and driver. The police report and the appellee's testimony indicate that the driver of the Honda fled the accident scene. Only by giving chase was the appellee able to obtain a license plate number and a description of the driver which he gave to the police. The police furnished the name and address of Mary Carney, the person listed as the registered owner of the vehicle but they did not furnish any information on the hit and run driver. The appellee testified at the hearing that he was unable to obtain information about the insured status of the car's owner. A request to the Office of Motor Vehicles (OMV) containing the owner's name was inconclusive as to the insured status of the car owner. OMV indicated that it needed a police supplemental report with positive identification of the driver and/or owner in order to conduct a records search. Of course the driver's name was not obtainable, no supplemental police report existed and it was apparent from the face of the letter that the office was already in possession of information on the car owner.
Although no proof of their efforts was entered as evidence in the record, the attorneys for the appellee state in their brief and in their arguments at trial that they made numerous attempts to locate Mary Carney, the owner of the car. According to them, letters were returned as undeliverable and the Civil Sheriff was unable to effectuate service of the citation and petition. They also assert that the original defendant, Champion Insurance, was also unable to serve their third party demand on Mary Carney and the unknown driver.
Admittedly, the evidence submitted to document the search for the insured status of the owner and driver seems skimpy at first blush. However, the testimony of the appellee is unrefuted and the appellant's pre-trial order prepared and verified on August 20, 1991 and indicating that Mary Carney is deceased would confirm the futility of any attempts to contact her. In evaluating evidence, the trier of fact should accept as true uncontradicted testimony of a plaintiff witness absent sound reasons for its rejection, and these factual findings are to be given great *467 weight. Behmke v. K-Mart Corp., 581 So.2d 291 (La.App. 5th Cir.1991).
In determining what constitutes competent evidence, the courts consider the weight and sufficiency of the proof. Proof by direct or circumstantial evidence is sufficient to constitute preponderance when the evidence, taken as a whole, establishes that fact or cause sought to be proved is more probable than not. Miller v. Leonard, 588 So.2d 79 (La.1991). In Launey v. Thomas, 379 So.2d 27 (La.App. 3rd Cir. 1979), the court ruled that the uncontradicted testimony of the defendant driver and owner that he had no liability insurance at the time of the accident was sufficient for plaintiff to meet his burden. The Supreme Court had ruled that a letter written by the defendant driver in response to an inquiry by the plaintiff's attorney together with a copy of a report filed with the state certifying that defendant had no liability insurance coverage was sufficient to prove uninsured motorist status. Campbell v. American Home Assurance Co., 260 La. 1047, 258 So.2d 81 (La.1972). In Vitrano v. State Farm, 198 So.2d 922 (La.App. 4th Cir.1967), the testimony of a state insurance department official stating that there was no insurance coverage on the tortfeasor was ruled insufficient to establish that there also was no insurance on the particular vehicle in question.
The trial judge would have been in the best position to evaluate the credibility of the appellee's testimony and to weigh the sufficiency of the other admissible evidence before the court. We are not prepared to find that the trial judge committed manifest error in determining that the appellee had made a good faith effort to obtain evidence about the uninsured status of the owner and driver of the 1980 Honda.
We therefore affirm the ruling of the lower court.
AFFIRMED.
NOTES
[1] LSA-R.S. 22:1406(D)(6)(a).
[2] LSA-R.S. 22:1406(D)(6)(b).
[3] LSA-R.S. 22:1406(D)(6)(d).