633 So.2d 778 (1994)
Aliska JONES and Charlotte Watkins
v.
Carlos BICKHAM, et al.
No. 93-CA-836.
Court of Appeal of Louisiana, Fifth Circuit.
February 23, 1994.
*779 Fred R. Defrancesch, Carolyn Patrick, LaPlace, for plaintiffs/appellants, Aliska Jones and Charlotte Watkins.
R. Ryland Percy, III, Timothy Pujol, Percy & Pujol, Gonzales, for defendants/appellees, Carlos Bickham, et al.
Before BOWES, GAUDIN and WICKER, JJ.
BOWES, Judge.
Plaintiffs, Aliska Jones and Charlotte Watkins, appeal a judgment of the district court granting a motion for summary judgment in favor of State Farm Mutual Automobile Insurance Company (hereinafter "State Farm"). We reverse as follows.

FACTS
This case, and this issue, has been heard previously by this Court. This Court reversed a motion for summary judgment granted in favor of State Farm holding that the insurance policy which set forth the uninsured motorist provision was not in the record, 617 So.2d 145. This defect has been cured. On remand, State Farm filed a motion for summary judgment which included the insurance contract containing the uninsured motorist provision. The defect cited by this Court no longer exists in this action as the uninsured motorist provision is contained within the record.
On July 24, 1990, Ms. Watkins was a guest passenger in the automobile owned and operated by Mr. Jones. Their vehicle was struck from the rear by an eighteen wheel truck operated by Carlos Bickham; the collision resulted in injuries to the plaintiff, for which suit was filed against Bickham. The petition stated that at the time of the accident, the parties exchanged information, yet no accident report was made. Bickham told plaintiffs *780 that he was insured by Allstate Insurance Company and gave them an address. However, the address turned out to be incorrect; further, it was later determined that Bickham was not insured by Allstate.
Plaintiffs filed suit against Bickham, his unknown insurer, and State Farm as the UM carrier of Aliska Jones, alleging injuries had been sustained in the accident. Following other pleadings and some discovery, State Farm filed a motion for summary judgment in its favor. It was alleged that because plaintiff (and their insured), Ms. Jones, failed to file an accident report to the police, she did not comply with certain provisions of her insurance policy, and, therefore, was not entitled to UM benefits.
The portion of the policy on which State Farm relies is entitled Reporting a Claim Insured's Duties, Section 4(c) and states, in pertinent part, as follows:
[The person making claim also shall:]
c. under the insured motor vehicle coverage:
(1) report a `hit-and-run' accident to the police within 24 hours and to us within 30 days.
It is undisputed that a police report was never filed. Following a hearing on the motion, summary judgment was granted in favor of State Farm dismissing plaintiff's claims with prejudice. Plaintiffs have perfected this appeal.

ANALYSIS
In the policy, an uninsured motor vehicle is defined, in part, as:
* * * * * *
2. a `hit-and-run' land motor vehicle whose owner or driver remains unknown and which strikes:
a. the insured or
b. the vehicle the insured is occupying and causes bodily injury to the insured.

There is no further policy definition of a "hit and run" vehicle.
Considering similar policy language in Courmier-Trahan v. Service Cab Co., Inc., 546 So.2d 513 (La.App. 4 Cir.1989), the Fourth Circuit dealt with a case in which the tortfeasor stopped and talked to the other people involved in the accident, although he left the scene without disclosing his identity. In that case the court found the definition of "hit and run" given in the criminal statutes, LSA-R.S. 14:100, as being "useful by analogy." LSA-R.S. 14:100 states, as follows, in relevant part:
A. Hit and run driving is the intentional failure of the driver of a vehicle involved in or causing any accident, to stop such vehicle at the scene of the accident, to give his identity, and to render reasonable aid.
B. For the purpose of this Section:
(1) `To give his identity', means that the driver of any vehicle involved in any accident shall give his name, address, and the license number of his vehicle, or shall report the accident to the policy.
The portion of Courmier-Trahan, supra on which defendants rely holds thusly:
Under this definition of `hit and run', there must be a showing of an intentional failure to stop, provide one's identity and render aid. A driver is required to do more than stop at the scene of the accident and render assistance. The driver must also give his identity which includes his name, address and license number.
Supra at p. 516.
Thus, State Farm contends the accident was a "hit and run" because Bickham gave a false address and did not give his license number. The Courmier-Trahan court used the criminal definition to determine that the onus is on the offending driver to disclose his identity, and not on the victim to obtain it. We do not read Courmier-Trahan as standing for the proposition that each element of giving identity under LSA-R.S. 14:100 must be obtained in determining whether an accident is a "hit and run" collision.
Failure to supply each element of a name, address, and license number may bring a defendant within the perimeters of a criminal prosecution for hit and run. However, we think it evident from the jurisprudence in civil insurance cases that identity, in distinguishing "hit and run" cases, is equivalent to *781 the name of the offending driver. The court in Courmier-Trahan continued, at p. 516:
Moreover, we find that this driver fits under the UM policy's definition of "hit and run" because his identity remains unknown. The purpose of the UM coverage is to protect the insured. Unlike the situation in Arceneaux v. Motor Vehicle Casualty Co., 341 So.2d 1287 (La.App. 3d Cir. 1977), the identity of this driver is not susceptible to discovery. In Arceneaux, the plaintiff was in possession of a police report which contained the license number of the vehicle. Therefore, the court denied the driver "hit and run" status under the UM policy. Id. at 1284.
[Emphasis supplied].
In the Arceneaux case, cited above, the plaintiff had the license number, although not the name, of the driver. Hit and run status was denied in Arceneaux because:
We are of the opinion that the identity of either the owner or the operator of the offending vehicle in this case could have been ascertained without any great difficulty on plaintiff's part.
Id., at p. 1290 [Emphasis supplied].
As in Courmier-Trahan, supra, the name of the driver is the key element of "identity."
In interpreting a State Farm policy containing the exact definition of an uninsured motor vehicle as quoted hereinabove, the Second Circuit in Cochran v. Riggins Heavy Hauling, 516 So.2d 1303 (La.App. 2 Cir.1987) stated at p. 1305:
In asserting his uninsured claim against State Farm, plaintiff seemingly alleges that the hit-and-run provision applies because the driver of the truck is unknown. The implication is that it does not matter that the owner is known. The hit-and-run provision should be interpreted in such a manner as to be consistent with the rationale for it. Thus, the provision should be read to require that both the owner and the operator be unknownbecause if one of them is known, then the vehicle is not a hit-and-run vehicle and the hit-and-run provision does not apply. Accord, Powell v. Hendon, 308 So.2d 851 (La.App. 2d Cir. 1975); Arceneaux v. Motor Vehicle Casualty Company, 341 So.2d 1287 (La.App. 3rd Cir.1977); Frazier v. Jackson, 231 So.2d 629 (La.App. 4th Cir.1970); Box v. Doe, 221 So.2d 666 (La.App. 4th Cir.1969), writ denied 254 La. 457, 223 So.2d 868 (1969).
[Emphasis supplied].
In Cochran, the name on the truck which struck plaintiff was seen by the plaintiff at the time of the accident. Hit and run status was denied in part because the court found that "It appears the owner of the truck may be known." This plaintiff in Cochran, who was able to identify the name of the owner of the offending vehicle, was not a victim of hit and run for UM purposes. See also Winfield v. Porter, 618 So.2d 890 (La.App. 4 Cir.1993).
We agree with our brothers in the Second, Third and Fourth Circuits that the name of the offending owner or driver is the key element in a hit and run situation. Furthermore, in the present case, the driver is not unknown as required by the policy definition cited hereinabove. A portion of a deposition given by the plaintiff, Ms. Jones, verifies that the identity, or name of the other driver, was known to them. According to the deposition, Bickham is married to a cousin of the other plaintiff, the passenger, Charlotte Watkins. Finally, although it is apparent that Bickham gave a false or incorrect address, Ms. Jones obtained a correct address from a member of Bickham's family. Despite this information, plaintiffs have been unable to locate Bickham. Nevertheless, his identity is indeed known to them.
Therefore, we hold that the Bickham truck is not an uninsured motor vehicle under that definition of the policy cited hereinabove because the collision was not a "hit and run" accident as contended by the defendant, the insurer.
This holding does not preclude uninsured/underinsured motorist coverage, however. The burden of proving uninsured/underinsured status of the offending *782 motorist rests with the plaintiff. Scherer v. Chaisson, 469 So.2d 510 (La.App. 3 Cir.1985); Releford v. Doe, 618 So.2d 464 (La.App. 4 Cir.1993). LSA-R.S. 22:1406(D)(6)[1] provides procedures through which the plaintiff may establish a prima facie case that the owner or operator was either uninsured or underinsured. Failure to follow these procedures result simply in the burden remaining with the plaintiff to prove such facts by any other admissible evidence. Scherer, supra; Releford, supra. It may well be that plaintiff has already made sufficient good faith efforts to obtain evidence about the uninsured status of Bickham. See Releford, supra. However, we do not rule on that point at this time.
A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; State, Through Department of Highways v. City of Pineville, 403 So.2d 49 (La.1981); Dixie Campers, Inc. v. Vesely Company, 398 So.2d 1087 (La.1981); Swindle v. Haughton Wood Company, 458 So.2d 992 (La.App. 2d Cir. 1984).
State Farm is not entitled to summary judgment in its favor as a matter of law; moreover, there remains the very material fact of the underinsured status of Bickham yet to be resolved. Accordingly, we hold that the trial court was manifestly erroneous in granting defendant's motion for summary judgment and, therefore, must be reversed.

DECREE
For the foregoing reasons, the judgment of the trial court granting the judgment in favor of defendant, State Farm, is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion. Costs of these proceedings are taxed to defendant/appellee.
REVERSED AND REMANDED.
NOTES
[1] LSA-R.S. 22:1406(D)(6) reads as follows:

(6) In any action to enforce a claim under the uninsured motorist provisions of an automobile liability policy the following evidence shall be admissible as prima facie proof that the owner and the operator of the vehicle involved did not have automobile liability insurance in effect on the date of the accident in question:
(a) The introduction of sworn notarized affidavits from the owner and the operator of the alleged uninsured vehicle attesting to their current addresses and declaring that they did not have automobile liability insurance in effect covering the vehicle in question on the date of the accident in question. When the owner and the operator of the vehicle in question are the same person, this fact shall be attested to in a single affidavit.
(b) A sworn notarized affidavit by an official of the Department of Public Safety and Corrections to the effect that inquiry has been made pursuant to R.S. 32:871 by depositing the inquiry with the United States mail, postage prepaid, to the address of the owner and operator as shown on the accident report, and that neither the owner nor the operator has responded within thirty days of the inquiry, or that the owner or operator, or both, have responded negatively as to the required security, or a sworn notarized affidavit by an official of the Department of Public Safety and Corrections that said department has not or cannot make an inquiry regarding insurance. This affidavit shall be served by certified mail upon all parties fifteen days prior to introduction into evidence.
(c) Any admissible evidence showing that the owner and operator of the alleged uninsured vehicle was a nonresident or not a citizen of Louisiana on the date of the accident in question, or that the residency and citizenship of the owner or operator of the alleged uninsured vehicle is unknown, together with a sworn notarized affidavit by an official of the Department of Public Safety to the effect that on the date of the accident in question, neither the owner nor the operator had in effect a policy of automobile liability insurance.
(d) The effect of the prima facie evidence referred to in (a), (b) and (c) above is to shift the burden of proof from the party or parties alleging the uninsured status of the vehicle in question to their uninsured motorist insurer.