[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. Factual and Procedural Background
The plaintiff, Alan Sylvestre, filed a complaint against the defendant, United Services Automobile Association ["USAA"], alleging failure to pay for damages sustained when the plaintiff was struck by an automobile while crossing the street.
The parties agree that the vehicle struck the plaintiff, that the plaintiff did not fall, that the driver stopped and waited for several minutes while the plaintiff sat down and walked around, that the plaintiff believed he would not need medical attention, and that the plaintiff ultimately sent the driver on his way. The language of the defendant's uninsured motorist policy permits coverage where a covered person is injured by an accident involving "a hit and run vehicle whose operator or owner cannot be identified."
The defendant filed an answer and two special defenses. In the first special defense, the defendant claimed that the accident resulted from the plaintiff's own negligence, and in the second, the defendant claimed that the plaintiff was CT Page 5327 negligent in failing to identify the responsible tortfeasor. The plaintiff denied the allegations in the special defenses.
The defendant filed a motion for summary judgment, on the ground that the plaintiff cannot sustain his burden of proving he was injured by an uninsured motorist. The plaintiff filed a memorandum in opposition to summary judgment, claiming that he has no duty to ascertain the identity of the tortfeasor. Oral argument was heard on the briefs on May 8, 1995.
II. Discussion
"Pursuant to Practice Book Section 364, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Suarez v. DickmontPlastics Corp., 229 Conn. 99, 105, 639 A.2d 507 (1994). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id.
This case presents a question of first impression in Connecticut. The issue is whether an insured has any obligation to ascertain the identity of a tortfeasor before requesting uninsured motorist coverage from his own insurance company. The defendant argues that the law imposes a reasonable diligence requirement on claimants, and that the plaintiff, by actively dismissing the tortfeasor from the scene of the accident, cannot sustain his burden of proving entitlement to coverage. The plaintiff argues that no due diligence in identifying the owner or operator of a vehicle is necessary "when there is no apparent reason to do so", and second, that Connecticut law provides sufficient safeguards to limit the potential for fraud.
In Connecticut, "[i]t is well established that the public policy derived from the uninsured motorist legislation is that every insured is entitled to recover for the damages he or she would have been able to recover if the uninsured motorist had maintained a policy of liability insurance." (Citations omitted, internal quotation marks omitted.) KeystoneInc. Co. v. Raffile, 225 Conn. 223, 232, 622 A.2d 564 (1993). The public policy embodied in our uninsured motorist legislation favors indemnification of accident victims unless they are CT Page 5328 responsible for the accident." Id., 233.
"[A]n insured may make a successful claim under the uninsured motorist provisions of a policy upon proof that the tortfeasor is uninsured, or that the limits of liability under the tortfeasor's insurance policy have been exhausted." Fusekv. Jaber, 7 Conn. L. Rptr. 29 (1992) (Moraghan, J.). The claimant has the "burden of proving by a preponderance of the evidence that an accident occurred because of an unidentified vehicle." Keystone Insurance Co. v. Raffile, supra,225 Conn. 237.
Cases from other jurisdictions that have addressed this exact issue have reached opposite results. The plaintiff argues that this court should follow Rieminschneider v. MotorVehicle Accident Indemnification Corp., 232 N.E.2d 630, 632
(1967), which held that "[i]f a person sustains an injury and is not aware of it, the effective time when identification becomes important is when the injury manifests itself." The New York Court of Appeals held that the uninsured motorist statute covers such situations where drivers talk to each other at the scene, but do not exchange information because the victim does not indicate that injury occurred. See also, Mangus v. Doe,125 S.E.2d 166, 168 (Va. 1962) ("for us to say that an insured had the duty to exercise due diligence to ascertain the identity of an unknown motorist would be reading into the statute language which does not there appear.")
This court is not persuaded by the reasoning ofRieminschneider, supra, but is persuaded by the reasoning of the cases which impose due diligence on the claimant.[1] In DixieInsurance Co. v. Mello, 877 P.2d 740, 744 (Wash.App. Div. 2 1994), cited by the defendant, the court noted that it is difficult to prove a negative fact such as the lack of available coverage, particularly in the case of "phantom" or hit and run drivers. "The claimant, therefore, can discharge his or her burden either by showing that the tortfeasor against whom he or she is claiming was uninsured or underinsured or by showing that the claimant used `all reasonable efforts' to ascertain the existence of any applicable liability insurance and was unsuccessful in this effort." Id, citing John A. Appleman, InsuranceLaw and Practice § 5087, pp. 321-23 (1981); Alan I. Widiss, Uninsured and Underinsured Motorist Insurance § 8.26, pp. 423-25 (2nd ed. 1992). CT Page 5329
In Arceneaux v. Motor Vehicle Cas. Co., 341 So.2d 1287,1290 (La.App. 1977), witnesses to an accident had reported the license plate number of the hit and run vehicle to the police. Because the claimant made no effort to speak to the witnesses or pursue the information in the police report, the court found she had not sustained her burden of proving coverage. See also, Members Mutual Insurance Co. v. Tapp,469 S.W.2d 793 (Tex. 1971).
The plaintiff argues that these cases are distinguishable because those claimants did not conduct an investigation based on information in police reports supplied by witnesses. The plaintiff argues that these cases do not address a claimant's duty at the scene of an accident. The difficulty with that argument is that the claimant himself prevented any information from being obtained at the scene of the accident. He should not now be able to place himself in a better position than a claimant who did not have such an opportunity. The claimant has not presented any evidence demonstrating that he was unable to see the license plate of the car, although he testified at his deposition that he walked around and sat down behind the car.
The plaintiff correctly argues that there is "no reason why the traditional tests of credibility, testimony under oath and cross-examination, coupled with the claimant's burden of proof, are insufficient to provide protection against fraudulent claims." Keystone Inc. Co. v. Raffile, supra, 225 Conn. 236. However, the plaintiff's credibility is not an issue in the present case. The problem in this case is that the plaintiff's inability to ascertain the driver's identity is not due to the driver's immediate departure from the scene nor from the driver's refusal to provide information at the plaintiff's request. This case does not even present a situation where the plaintiff is silent as to a request for information and the driver fails to provide such information on his own initiative. Instead, the facts of this case present a situation where the driver makes himself available to the plaintiff, and the plaintiff affirmatively acts to dismiss the driver.
In his brief, the plaintiff argues that there was no reason for him to seek information from the driver at the time of the injury, and the relevant time period should be when the injury is truly discovered by the plaintiff. Yet the plaintiff admits in his affidavit that before the driver left, his knee CT Page 5330 felt bruised, but that he was more concerned with getting to class on time than anything else.
It is difficult for this court to comprehend why an insurance company should have to pay for an insured's injury when that insured chose to dismiss the driver because he was more concerned with getting to class on time. On these facts, it is undisputed that the driver was available to the plaintiff. The driver waited while the plaintiff assessed his injury, but the plaintiff affirmatively dismissed him. Although coverage is available when the driver truly cannot be identified, the insured cannot choose to make sure that the driver is unidentifiable. As this case shows, without eyewitnesses, the only time that information is available is at the time of the accident, and the claimant attested that his leg felt bruised before the driver left the scene. Because the plaintiff has not presented any evidence that supports his claim that the driver was unidentifiable or uninsured, the defendant's motion for summary judgment is granted.[2]
SUSAN B. HANDY JUDGE, SUPERIOR COURT