[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM re MOTION TO CITE IN PARTY DEFENDANT #103
On October 30, 1995, the plaintiff, Glenn Augustine, filed a complaint seeking uninsured motorist coverage from his insurer, the defendant, AIU Insurance Company. The claim arises out of a motor vehicle accident which occurred on March 29, 1995. The plaintiff alleges that his vehicle was struck by an unidentified hit-and-run driver on Mill Hill Avenue, Bridgeport, and he sustained personal injuries.
On January 5, 1996, the defendant filed a motion to cite in as party defendant the alleged tortfeasor, Elease Williams, and her, insurance carrier, United States Fidelity Guaranty Company (USFG). The motion alleges that the plaintiff gave a police officer at the scene of the accident the license plate number of a CT Page 3904 motor vehicle owned by Williams and insured by USFG as the license plate of the vehicle that struck his vehicle. The defendant claims that the policy it issued to the plaintiff requires exhaustion of liability before uninsured motorist coverage is triggered.
On January 24, 1996, the plaintiff filed an objection to the motion to cite in. The plaintiff claims that USFG denied coverage in a letter dated September 26, 1995 (Exhibit 1 to the objection), and that once the tortfeasor's insurance carrier denies coverage, uninsured motorist coverage is triggered. The plaintiff contends that it should not be forced to challenge USFG's disclaiming liability. He argues that if the tortfeasor's insurance company does not have a legitimate basis for disclaiming liability, then it; is the responsibility of the defendant to subsequently exercise its rights of subrogation against USFG for wrongfully denying liability. The plaintiff also claims that the defendant cannot join an insurance carrier of a tortfeasor in the action as it is; against the policy of the state.
General Statutes § 52-102 provides in part that "[u]pon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, . . . (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy." See also Practice Book § 85. "Parties have been termed indispensable when their interest in the controversy is such that a final decree cannot be made without either affecting that interest or leaving the controversy in such condition that its final disposition may be inconsistent with equity and good conscience." Hilton v. City ofNew Haven, 233 Conn. 701, 722, 661 A.2d 973 (1995).
Premised on information contained within the police report of this accident, the defendant seeks to cite in Elease Williams, the owner of the vehicle that struck the plaintiff, and USFG, William's liability insurance carrier.
General Statutes § 38a-336 (b) provides in part that "[A]n insurance company shall be obligated to make payment to its insured up to the limits of the policy's uninsured and underinsured motorist coverage after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements. . . ." "Exhaustion is a matter of statutory policy. CT Page 3905 Although an insurance company may provide greater benefits than those required by statute by relaxing the underinsured motorist exhaustion requirement, see Regs., Conn. State Agencies § 38a-344-3; we will not ordinarily read a policy to provide such a deviation from the statutory scheme in the absence of a reasonably expressed or implied intention to do so." Ciarelli v. Commercial UnionIns. Co., 234 Conn. 807, 815, 663 A.2d 377 (1995).
"`[A]n insured may make a successful claim under the uninsured motorist provisions of a policy upon proof that the tortfeasor is uninsured, or that liability under the tortfeasor's insurance policy have been exhausted.' Fusek v. Jabef, 7 Conn. L. Rptr. 29
(1992) (Moraghan, J.) The claimant has the `burden of proving by a preponderance of the evidence that an accident occurred because of an unidentified vehicle.' Keystone Insurance Co. V,. Raffile,
[225 Conn. 223,] 237, [622 A.2d 563 (1993)]." Sylvestre v. UnitedServices Auto Assoc., Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 457805 (14 Conn. L. Rptr. 283, May 17, 1995, Handy, J.).
The plaintiff claims that USFG denied coverage because Williams denied liability and this constitutes an exhaustion of coverage under the tortfeasor's policy. However, without a determination of whether Williams is a liable tortfeasor to the accident, the imposition of uninsured motorist liability on the plaintiff would be inconsistent with the policy of exhaustion promulgated by General Statutes § 38a-336 (b).
Nevertheless, USFG, as the tortfeasor's insurance carrier, cannot be a party defendant to the action. While evidence that USFG denied liability may be admissible and of probative value, it is the policy of this state that "[g]enerally, in negligence actions, evidence that the defendant carries liability insurance is inadmissible." Magnon v. Glickman, 185 Conn. 234, 242, 440 A.2d; 909 (1981) (insured status was introduced in testimony relevant to the action, but immediately after the testimony and during the final instructions, the court instructed the jury that the fact that the defendants were insured should not influence them or their determination of liability or damages). The court concludes that while USFG may ultimately be responsible for any liability assessed against Williams, they may not be named as a party.
Accordingly, the defendants' motion to cite in Elease Williams is granted and its motion to cite in USFG is denied. CT Page 3906
LAWRENCE L. HAUSER, JUDGE