| MAMES F. McKAY III, Judge.
On November 3, 1998, Louisiana Highway 47 a/k/a Paris Road was under construction at the approach to the bridge crossing the Mississippi River Gulf Outlet (MRGO); Boh Brothers Construction Co. L.L.C. (Boh Brothers) was under contract with the Louisiana Department of Transportation to raise the road and re-asphalt its surface. In connection with this construction, all traffic on Highway 47 was rerouted to the southbound travel lanes, with one lane for northbound travel and one lane for southbound travel. The lanes *1206 were divided by a temporary concrete wall referred, to ■ as .a “jersey barrier”. The outside of the temporary northbound lane was marked by a white painted line. Next to the white painted line was a gravel median, separating the temporary northbound lane from the construction. Orange and white striped construction barrels had been placed along the gravel median. The posted speed limit through the construction zone was 45 inph.
At approximately 9:00 a.m. on November 3, 1998, Justin W. Faust was traveling in a northbound direction on Highway 47 in his Dodge Spirit. Traveling | ..directly in front of Mr.: Faust was a pick-up truck with a utility trailer driven by Keith C. Siverd. As Mr. Siverd neared the approach to the MRGO bridge, traffic slowed because one of the construction barrels had been dislodged from the gravel median and lay partially in the road. Both Mr. Siverd and Mr. Faust safely negotiated this obstruction. However, a dump truck driven by Harold Bradley, which was traveling at approximately 40 mph, rear-ended the car driven by Mr. Faust, pushing it into the utility trailer being pulled by Mr. Siverd. Mr. Faust died on the scene of the accident.
On October 13, 1999, Marlene G. Siverd, wife of/and Keith C. Siverd filed a petition for damages against Permanent General Insurance Company, the Estate of Justin W. Faust, Boh Brothers, Howard Bradley, FIW Demolition Company and Illinois Insurance Exchange. On November 3, 1999, the estate of Justin W. Faust and Karen Faust, individually and as natural tutrix of the minor children, Justin W. Faust, Jr. and Joseph Faust, filed an “Answer, Affirmative Defenses, Reconventional Demand, Third Party Demand, Cross Claims and Intervention”. Among the claims asserted therein were survival and wrongful death actions against Boh Brothers for damages arising out of the death of Justin W. Faust. The Fausts’ claims against Boh Brothers were tried before a jury on June 16 through 20, 2003. Prior to trial, all other parties had settled. Following trial, the jury rendered a verdict in favor of Boh Brothers, responding in the negative to the first question on the jury interrogatory form: “Did the defendant, Boh Bros., act negligently so as to cause or contribute to the accident of November 3, 1998, 1,.¡involving Justin Faust, Sr.?” The Fausts filed a motion for new trial or alternatively, judgment notwithstanding the verdict, which the trial court denied. The Fausts now appeal.
On appeal, the Fausts raise the following assignments of error: 1) the trial court erred .by admitting into evidence “expert testimony” regarding “defects” in the condition of the dump truck in the complete and total absence of any evidence that a failure in the systems of the truck was related to the cause of the accident; 2) the trial court erred by excluding from the charge to the jury any instruction regarding the duty of a highway contractor to the motorist using the highway while under construction and by including a charge regarding the duty to maintain vehicles used on the highway in good condition in the absence of any evidence linking a vehicular failure to the cause of the accident; and 3) the jury erred in reaching the conclusion that Boh Brothers did not breach any duty it owed to Justin Faust, which conclusion was contrary to the law and evidence.
Under the standards enunciated in Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and State v. Foret, 628 So.2d 1116 (La.1993), the trial court judge serves as “gate-keeper”, excluding expert testimony which is not both relevant and scientifically reliable. Evidence is deemed *1207 relevant if it has a tendency to make the existence of any fact, that is of consequence to the determination of the action, more probable than not and such evidence is, generally, admissible. La.Code Evid. Arts. 401 and 403. A trial judge is afforded great discretion concerning the admission of evidence at trial, and |4its decision to admit or exclude evidence may not be reversed on appeal in the absence of an abuse of discretion. Miller v. Southern Baptist Hospital, 2000-1352 (La.App. 4 Cir. 11/21/01), 806 So.2d 10, 15.
In the instant case, Boh Brothers tendered George McCoy as an expert in the field of auto mechanics. The trial court permitted Mr. McCoy to testify regarding his inspection of the dump truck driven by Mr. Bradley. Mr. McCoy was allowed to testify that he inspected the brakes on the dump truck and found that they were old and cracked; Mr. McCoy concluded that the dump truck was not “road worthy” on the date of the accident. The Fausts contend that Mr. McCoy’s testimony was not relevant. That contention, however, is without merit. The testimony regarding the inspection of the dump truck is central to Boh Brothers’ theory that the condition of the dump truck was a cause of the accident.
In their second assignment of error, the Fausts contend that the trial court erred by excluding from the charge to the jury any instruction regarding the duty of a highway contractor to the motorist using the highway while under construction and by including a charge regarding the duty to maintain vehicles used on the highway in good condition in the absence of any evidence linking a vehicular failure to the cause of the accident. The Fausts, however, did not raise an objection during the charge conference as to the trial. court’s denial of their proposed charges. In order to preserve an objection to a jury charge for appeal, the appellants were required to specifically object at trial and were required to state reasons for the objection, as a general objection is not sufficient. La. C.C.P. art 1.4793(C); In Re Asbestos v. Bordelon, 96-0525 (La.App. 4 Cir. 10/21/98), 726 So.2d 926, 940. The Fausts failed to make specific objection to the trial court’s denial of their proposed jury instructions. Accordingly, they are not entitled to a review of the jury instructions given by the trial court, as such a review is procedurally barred. Seal v. State Farm Fire & Cas. Co., 2000-2375 (La.App. 4 Cir. 3/29/02), 816 So.2d 868, 871.
In their final assignment of error, the Fausts contend that the jury erred in reaching the conclusion that Boh Brothers did not breach any duty it owed to Justin Faust. The facts of the case are clear. On the morning of the accident, John Paul Jones, an employee of Boh Brothers, was seated atop his asphalt paver when he witnessed an 18-wheeler fly by and pick up one of the orange construction barrels and kind of spin it around and lay it down about halfway in the roadway. Peter Par-sonson, the plaintiffs’ expert in work zone traffic control, testified that the barrel in question may not have been properly ballasted.[1] Mr. Jones testified that he had been instructed by his foreman not to leave the paver under any circumstances, and although there were other employees *1208 present no one took any action regarding the barrel; there were no safety personnel present. A number of vehicles safely negotiated around the barrel. Keith Siverd and Justin Faust both reduced the speed of their respective vehicles to approximately 10 mph as they negotiated the obstruction. However, the dump truck driven by Howard Bradley | Bwas traveling at approximately 40 mph when it ploughed into Mr. Faust’s vehicle and pushed it into the utility trailer being hauled by Mr. Siverd’s vehicle.
An accident may have many causes-in-fact. Therefore, the inquiry is not whether the defendant’s conduct was the cause-in-fact of the plaintiffs injuries, but whether it was a cause-in-fact. Accordingly, the plaintiff must establish that what the defendant did was one of the causes of his injuries. The “but for” test is used in making this determination. Conduct is a cause-in-fact of an injury if, “but for” the defendant’s alleged wrongful act, the plaintiff would not have sustained his injuries. See generally Sinitiere v. Lavergne, 391 So.2d 821 (La.1980). In the instant case, it is obvious that the accident would not have occurred “but for” the presence of the construction barrel obstructing the highway; Mr. Siverd and Mr. Faust would never have reduced the speed of their respective vehicles “but for” the barrel in the road. Boh Brothers also owed a duty to motorists using the highway to take reasonable steps to keep its construction zone . safe. Boh Brothers, however, allowed the construction barrel to remain on the highway and had no procedure or personnel in place to correct this hazard. Boh Brothers’ actions were not reasonable in this situation. Accordingly, Boh Brothers breached its duty to motorists using the highway. This breach of duty was a cause-in-fact of Mr. Faust’s death. Therefore, the jury erred in failing to find any negligence on the part of Boh Brothers.
[7For the foregoing reasons, the judgment below is reversed and the matter is remanded for a determination of fault on the part of Boh Brothers.
REVERSED AND REMANDED.

. The orange and white striped construction barrels are ballasted through the use of recycled truck tires that have been cut up, with just the side walls being used. The amount of ballasting depends on the number of tires used. The conditions which may affect the amount of ballasting required include the distance from the barrels to the vehicles using the roadway, the presence of ambient winds, the rockiness of the terrain upon which the barrel sits, and the speeds of the vehicles using the roadway.