922 So.2d 497 (2006)
Marlene G. Siverd, Wife of/and Keith C. SIVERD
v.
PERMANENT GENERAL INSURANCE COMPANY, The Estate of Justin W. Faust, Boh Brothers Construction Co., L.L.C, Howard Bradley, FIW Demolition Company, and Illinois Insurance Exchange.
No. 2005-C-0973.
Supreme Court of Louisiana.
February 22, 2006.
*498 Kingsmill Riess, Michael R.C. Riess, Cynthia B. McIntyre, New Orleans, Harry T. Lemmon, James J. Lemmon, for applicant.
The Law Offices of Joseph C. Bartels, Joseph C. Bartels, New Orleans, Victoria L. Bartels, for respondent.
TRAYLOR, Justice.
We granted this writ application to determine whether the court of appeal erred in reversing the judgment of the trial court. For the reasons which follow, we reverse the ruling of the court of appeal and reinstate the judgment of the trial court.

FACTS and PROCEDURAL HISTORY
The Louisiana Department of Transportation and Development contracted with Boh Brothers Construction Company, L.L.C., (Boh Brothers) to perform construction work on Louisiana Highway 47, otherwise known as Paris Road. In November 1998, all traffic was being routed along what are normally the two southbound lanes of Paris Road. The northbound traffic and southbound traffic were divided by concrete barriers. The outside of the northbound lane was marked with a white line, and a gravel median separated *499 the travel lanes from the two lanes of the highway then under construction. Boh Brothers had placed orange and white construction barrels along the gravel median. The posted speed limit in the construction zone was 45 miles per hour.
On the morning of November 3, 1998, as traffic passed through the construction zone, one of the construction barrels fell partially onto the northbound lane. As the traffic slowed to pass by the overturned barrel, a dump truck driven by Harold Bradley struck the rear of an automobile driven by Justin W. Faust. The force of the collision pushed Mr. Faust's vehicle into a utility trailer being pulled by Keith C. Siverd. Mr. Faust died as a result of the accident.
Mr. and Mrs. Siverd filed suit against Permanent General Insurance Company, the Estate of Justin W. Faust, Boh Brothers, Howard Bradley, FIW Demolition Company, and Illinois Insurance Exchange. The Estate of Justin W. Faust and Mrs. Faust, individually and as natural tutrix of Mr. Faust's children, then filed an "Answer, Affirmative Defenses, Reconventional Demand, Third Party Demand, Cross Claims, and Intervention," including survival and wrongful death claims against Boh Brothers arising out of Mr. Faust's death.
The Fausts settled with all parties other than Boh Brothers prior to the jury trial of the matter, which took place from June 16 through June 20, 2003. The jury returned a unanimous verdict, finding that Boh Brothers did not "act negligently so as to cause or contribute to the accident of November 3, 1998, involving Justin Faust, Sr." Siverd v. Permanent General Ins. Co., XXXX-XXXX (La.App. 4th Cir.2/2/05), 894 So.2d 1204, 1206.
The Fausts filed motions for new trial and judgment notwithstanding the verdict, which the trial court denied. The Fausts appealed the decision and the court of appeal reversed the trial court. Siverd, 894 So.2d 1204, This Court granted Boh Brothers' writ in order to determine if the court of appeal had misapplied the manifest error/clearly wrong standard of review. Siverd v. Permanent General Ins. Co., XXXX-XXXX (La.6/24/05), 904 So.2d 750.

DISCUSSION
The court of appeal determined that the jury had erred in failing to find any negligence on the part of Boh Brothers.
A court of appeal should not set aside the factual findings of a trial court absent manifest error or unless clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). However, if a court of appeal finds that the trial court committed a reversible error of law or manifest error of fact, the court of appeal must ascertain the facts de novo from the record and render a judgment on the merits. LeBlanc v. Stevenson, 00-0157 (La.10/17/00), 770 So.2d 766. Although appellate courts should accord deference to the factfinder, they nonetheless have a constitutional duty to review facts. Ambrose v. New Orleans Police Dep't Ambulance Serv., 93-3099, p. 8 (La.7/5/94), 639 So.2d 216, 221. Because appellate courts must perform this constitutional function, they have every right to determine whether the trial court verdict was clearly wrong based on the evidence or clearly without evidentiary support. Ambrose at p. 8-9, 639 So.2d at 221. The reviewing court must do more than simply review the record for some evidence which supports or controverts the trial court's findings; it must instead review the record in its entirety to determine whether the trial court's finding was clearly wrong or manifestly erroneous. Stobart v. State of Louisiana, through Dep't of Transp. & Dev., 617 So.2d 880, 882 (La.1993). The *500 issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was reasonable. Stobart, 617 So.2d at 882. We have previously emphasized the principle that "if the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Stobart, 617 So.2d at 882-83 (citing Housley v. Cerise, 579 So.2d 973 (La. 1991) (quoting Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990))).
In determining that the jury had erred, the court of appeal stated:
The facts of the case are clear. On the morning of the accident, John Paul Jones, an employee of Boh Brothers, was seated atop his asphalt paver when he witnessed an 18-wheeler fly by and pick up one of the orange construction barrels and kind of spin it around and lay it down about halfway in the roadway. Peter Parsonson, the plaintiff's expert in work zone traffic control, testified that the barrel in question may not have been properly ballasted. Mr. Jones testified that he had been instructed by his foreman not to leave the paver under any circumstances, and although there were other employees present no one took any action regarding the barrel; there were no safety personnel present. A number of vehicles safely negotiated around the barrel. Keith Siverd and Justin Faust both reduced the speed of their respective vehicles to approximately 10 mph as they negotiated around the barrel. However, the dump truck driven by Howard Bradley was traveling at approximately 40 mph when it ploughed into Mr. Faust's vehicle and pushed it into the utility trailer being hauled by Mr. Siverd's vehicle.
Siverd, XXXX-XXXX p. 5, 894 So.2d at 1207-8.
Rather than being "clear," though, practically all of these "facts" were disputed at trial:
Boh Brothers' expert physicist testified that the passing truck had to have hit and downed the construction barrel, because it was not possible for the wind trail of a 18-wheeler going 55 miles per hour or less to overturn the barrel. Rec. Vol. 10, pp. 198-200;
Plaintiff's expert Parsonson testified that the barrel was improperly ballasted, but then stated that he could not determine how much ballasting would be required and that, instead, it must be determined by field experience. Rec. Vol. 8, pp. 163, 167. Defendant's experts, who did have field experience, testified that the barrel was properly ballasted. Rec. Vol. 10, pp. 108, 200, 201;
Mr. Latino testified that both he and another employee were going toward the barrel to right it at the moment the accident occurred. Rec. Vol. 10, pp. 64, 65-6;
Mr. Siverd, the driver of the lead vehicle, testified that he slowed to 25 miles per hour from 30 miles per hour. Rec. Vol. 7, pp. 198, 211;
Defendant's expert physicist testified that the dump truck was traveling at 45 to 50 miles per hour at the time of impact. Rec. Vol. 10, pp. 186, 187.
Although there is no requirement for a court of appeal to utter the magic words "manifest error," it must apply the proper standard of review. Here, the court of appeal substituted its judgment for that of the jury, rather than determining whether the jury's verdict was *501 reasonable. Where a conflict exists in the testimony, the issue to be resolved by the reviewing court is not whether the trier was right or wrong, but whether the decision reached by the trier was reasonable. Stobart, 617 So.2d at 882-83. The jury heard the evidence and unanimously chose between conflicting testimony. Where two permissible views of the evidence exist, the fact-finder's choice between them cannot be manifestly erroneous or clearly wrong. Stobart, 617 So.2d at 883.

DECREE
For the foregoing reasons, we reverse the ruling of the court of appeal and reinstate the judgment of the trial court.
REVERSED.