CLARENCE E. McMANUS, Judge.
1 ¡(This matter arises out of an automobile accident that occurred on July 14, 1995.
Plaintiff Carl Finley was rear ended by a car driven by minor Steven Walker, Jr. On July 12, 1996, Finley sued the minor, and his father, Steven Walker, Sr. He also sued Dewayne Walker, the owner of the vehicle. On June 1997, Finley amended his petition to add as defendant State Farm Mutual Automobile Insurance Company, his uninsured/underinsured insurance carrier. On October 13, 1997, Finley again amended his petition to request punitive damages, alleging that State Farm was arbitrary and capricious in its failure to pay uninsured benefits.
Trial was held on December 12-14 and 18, 2004, and on December 18, 2004 the jury returned a verdict for the plaintiff. The jury found that Steven Walker, Jr. and Dwayne Walker had no automobile coverage on the date of the accident. The jury found that plaintiff suffered damages as a result of the accident, and it awarded $30,000.00 in past medical expenses and $30,000.00 in future medical expenses. The jury awarded $0 for general damages. Finally, the jury found that State Farm was not arbitrary and capricious in its handling of plaintiffs claim. The trial court rendered judgment in accordance with the jury verdict on March 7, |s2005, awarding $60,000.00, subject to a credit for $11,000.00 for the amounts already paid by State Farm.
*332 Plaintiff filed motions for Judgment Notwithstanding the Verdict (JNOV), new trial or additur, challenging the sufficiency of the verdict. State Farm also filed a motion for JNOV, alleging that there was insufficient proof that the tortfeasors were uninsured. On October 13, 2005, the trial court denied the motion for JNOV filed by State Farm. On November 16, 2005, the trial court granted the plaintiffs motions to the extent that it awarded general damages of $30,000.00, in addition to the amounts of $30,000.00 for past medical and $30,000.00 for future medical and subject to a credit of $11,000.00.
State Farm has appealed.
The sole issue presented by this appeal is whether there was sufficient evidence for the jury to make a finding that the tortfeasors were uninsured.
At trial, Mr. Finley testified that the tortfeasors did not have liability insurance. However, he offered no documentary evidence in support. Ms. Gina Champion, adjuster for State Farm, testified at trial. She was the adjuster for the claim starting in 1999 or 2000. Prior to that time it was handled by Ms. Michelle Guin. Ms. Champion testified that she reviewed the claim file from its inception. State Farm received the first medical bill from plaintiff on October 11, 1995, three months after the accident. At that time, plaintiff indicated that reimbursement was being sought under the med pay portion of the policy. A second claim, also under the med pay portion of the policy, was made on November 13, 1995. Ms. Michelle Guin sent letters to plaintiff requesting medical reports to verify his injuries. In September and October of 1996, plaintiff sent requests with additional medical bills, again requesting payment under the med pay portion of the policy. At that time, plaintiff again stated that, at that time, he was not making an uninsured | ¿motorist claim. By November 1, 1996, State Farm had not yet received any medical documentation from plaintiff. Because it had not yet been sued, State Farm was unable to issue subpoenas for records. On November 7, 1996, plaintiffs treating physician, Dr. D’Souza, sent a narrative report describing plaintiffs condition. By November 16,1996, State Farm had paid to plaintiff a total of $4,253.47, all pursuant to the med pay portion of the policy. By letter of December 4, 1996, plaintiff again stated that he was not making a claim under the uninsured motorist coverage portion of the policy.
On May 29, 1997, Ms. Guin wrote to the plaintiff and advised him that his uninsured motorist claim had to be settled before July 14, 1997, or a lawsuit needed to be filed to interrupt prescription. On June 3, 1997, plaintiff requested an accounting of the monies paid under the med pay provision. State Farm responded on June 9,1997.
On July 25, 1997, plaintiff demanded a tender from State Farm under the uninsured motorist coverage portion of his policy. He enclosed in his demand his amended petition that added State Farm as a defendant. In response, State Farm made a tender of $6,000.00. In her correspondence to plaintiff, Ms. Guin states that “I have enclosed a draft in the amount of $6,000.00, which represents a good faith unconditional tender under the uninsured motorist coverage of your policy. The tender is based upon the valuation of the medical bills presented.” Thereafter, Ms. Guin issued a check for $746.53, representing the balance of the coverage under the medical pay provision.
At the trial, Ms. Champion was asked whether she thought Ms. Guin’s tender was appropriate. She stated that it was her opinion that the tender was premature, as Ms. Guin did not have everything *333 she needed to evaluate the claim. Ms. Champion also testified that no further payments were made under the policy | ^because it was State Farm’s position that plaintiff had not resolved whether his injuries were, in fact, caused by the accident.
After the direct testimony of Ms. Champion, State Farm made a motion in open court for directed verdict on the issue of uninsured motorist coverage. State Farm argued to the trial court that the plaintiff did not present sufficient evidence to show that the tortfeasors were uninsured. In response plaintiff argued that State Farm, by its unconditional tender, stipulated that the tortfeasors had no insurance. Plaintiff also cited to another proceeding, in which State Farm had obtained a default judgment against the tortfeasors for subrogation, and argued that that proceeding was res judicata to the present one. The trial court denied State Farm’s motion for directed verdict. The trial court did state that it would not consider the other pro: ceeding, since there had not been a finding of coverage or lack thereof in that case.
In this appeal, State Farm alleges that the trial judge erred as a matter of law, in failing to grant its motion for JNOV. It also contends that the jury committed manifest error in ruling that plaintiff met his burden of proving that the tortfeasors were uninsured.
A JNOV is warranted when the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable jurors could not arrive at a contrary verdict. The motion should be granted only when the evidence points so strongly in favor of the moving party that reasonable men could not reach different conclusions, not merely when there is a preponderance of evidence for the mover. If there is evidence opposed to the motion which is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied. In making this determination, the court should not evaluate the credibility of the witnesses and all reasonable inferences or factual questions should be resolved in favor of the non-moving party.
Davis v. Wal-Mart Stores, Inc., 00-0445 (La.11/28/00), 774 So.2d 84, 89.
IfiA court of appeal should not set aside the factual findings of a trial court absent manifest error or unless clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder’s conclusion was reasonable. Stobart v. State of Louisiana, through Dep’t of Transp. & Dev., 617 So.2d 880, 882 (La.1993). We have previously emphasized the principle that “if the trial court or jury’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.” Stobart, 617 So.2d at 882-83; Siverd v. Permanent General Ins. Co., 2005-0973 (La.2/22/06), 922 So.2d 497, 499.
The claimant, who makes a claim on his insurance policy under the uninsured motorist (UM) provision, has an obligation to produce a satisfactory proof of loss. “Satisfactory proof of loss” in a claim pursuant to UM coverage is receipt by the insurer of “sufficient facts which fully apprise the insurer that (1) the owner or operator of the other vehicle involved in the accident was uninsured or under insured; (2) that he [or she] was at fault; (3) that such fault gave rise to damages; and (4) establish the extent of those damages.” Reed v. State Farm Mut. Auto. Ins. Co., *334 03-0107 (La.10/21/03), 857 So.2d 1012; McDill v. Utica Mutual Insurance Company, 475 So.2d 1085, 1089 (La.1985).
The burden of proving uninsured/underinsured status of the offending motorist rests with the plaintiff. Jones v. Bickham, 93-836 (La.App. 5 Cir. 2/23/94), 633 So.2d 778. LSA-R.S. 22:680(6)[1], provides procedures through which the plaintiff may establish a prima facie case that the owner or operator was |7either uninsured or underinsured. If the plaintiff fails to follow these procedures, the burden remains with him to prove such facts by any other admissible evidence. Releford v. Doe, (La.App. 4 Cir. 4/28/93), 618 So.2d 464; Jones v. Bickham, supra.
In this case, the plaintiff produced evidence to show that defendant State Farm made an unconditional tender under the uninsured motorist coverage, and also that State Farm filed suit against the original tortfeasors themselves, in subrogation, to recover the amounts it paid to plaintiff under the policy. The jury found from this evidence, that the tortfeasors had no insurance coverage. We find no manifest error in this determination. Based on the same evidence, we find no error in the trial court denial of State Farm’s motion for JNOV, in which State Farm contended that the plaintiff failed to meet his burden of proof.
In brief to this Court, State Farm cited the case of Leday v. Safeway, 04-610 (La. App. 3 Cir. 11/17/04), 888 So.2d 1084, in support of its contention that the evidence does not support the jury’s findings, and that the trial court erred in denying its motion for JNOV. In Leday, counsel for the insurance company made a statement at trial that the tortfeasor was underin-sured. The court held that this was not a judicial admission sufficient to establish the underinsured status of the tortfeasor. We find that the Leday case is distinguishable from the present matter. In Leday, the insurer made no tender under the underinsured portion of the policy, and paid no monies to the plaintiff, save a $1,000.00 payment under the med pay provision of the policy. In this case, State Farm clearly made payments under the uninsured portion of the policy, as evidenced by the unconditional tender of $6,000.00.
In response to the appellant, the plaintiff in brief argues against that the default judgment obtained by State Farm in a separate matter operates as res | ¿judicata. However, plaintiff has not filed an exception of res judicata with this court, and therefore the issue is not properly before us. Robertson Roofing & Siding, Inc. v. Greenberg, 96-107 (La.App. 5 Cir. 5/28/96), 693 So.2d 158, writ denied, 96-2011 (La.11/8/96), 683 So.2d 270.
For the above discussed reasons, the judgment of the trial court is affirmed. All costs are assessed against appellant.

AFFIRMED.

. Formerly LSA-R.S. 22:1406(D)(6).