DECUIR, Judge.
hOn September 19, 2006, Lynette Martin was struck by a golf cart as she exited the Mall of Acadiana in Lafayette, Louisiana. The golf cart was being operated by John R. Landry in the course and scope of his employment with ERMC, II, L.P., the facility services contractor for the Mall of Acadiana. Martin immediately reported the injuries which included a bruised right arm, soreness on the right side, and a pinched feeling in the neck and low back.
Dr. Robert Franklin diagnosed cervical and lumbar strain, possible underlying spinal pathology, associated headaches, possible median neuropathy at the right wrist, a contusion to the right forearm, and spasms in the upper back. Dr. Franklin prescribed physical therapy and various medications for inflammation, spasms, and pain. Martin has complained of persistent pain, and evidence was introduced suggesting a greatly reduced level of activity as a result of the accident. Dr. Franklin referred Martin to Dr. Michel E. Heard, an orthopedic surgeon.
Dr. Heard ordered steroid injections which offered no lasting relief. Dr. Heard concluded after twenty-three months of treatment that Martin can expect pain on a permanent basis and a potential for surgery in the future.
*1010 After a jury trial, the jury found Landry 75% at fault in causing the accident and awarded damages as follows:
Pain and Suffering $50,000.00
Physical Injury $13,000.00
Past Medical $17,134.00
Future Medical $50,000.00
Loss of Enjoyment $40,000.00
12Past Lost Wages $30,000.00
Future Lost Wages $0
The trial court signed the judgment but later on oral motion by the plaintiff amended it to reflect $30,000.00 in past and future lost wages combined. Defendants lodged this appeal.
EXCESSIVE GENERAL DAMAGES
Appellants contend that the jury’s award of general damages in the amount of $103,000.00 is excessive. We disagree.
The Supreme Court has defined the role of the appellate court when faced with a challenge to a general damage award on appeal:
[T]he role of an appellate court in reviewing general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Each case is different, and the adequacy or inadequacy of the award should be determined by the facts or circumstances particular to the case under consideration.
.... The initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the “much discretion” of the trier of fact.... Only after such a determination of an abuse of discretion is a resort to prior awards appropriate and then for the purpose of determining the highest or lowest point which is reasonably within that discretion.
Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1260 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994) (citations omitted). In determining whether an abuse of discretion has been shown, the relevant evidence must be “viewed in the light which most favorable to the prevailing party.” Id. at 1261.
Applying these standards, we must consider whether the jury’s award of $103,000.00 for general damages constitutes an abuse of discretion. In this case the plaintiffs complaints are largely subjective, which means the jury was required to [Sassess the credibility of the witnesses very carefully to determine the extent of the plaintiffs injuries. While we acknowledge that the award is on the high end of such awards, given the particular circumstances of this case, we decline to overturn the considered award of the jury as an abuse of discretion.
LOST WAGES
Appellants’ final two assignments allege the jury’s award of lost wages and the trial court’s amendment to the judgment with regard to lost wages are erroneous.
After reviewing the record, we find that the jury erred in finding that Martin was entitled to $30,000.00 in past lost wages and $0 in future lost wages. When an appellate court finds that the trial court has committed manifest error of fact, the court must ascertain the facts de novo from the record and render a judgment on the merits. Siverd v. Permanent General Ins. Co., 05-973 (La.2/22/06), 922 So.2d 497, unit denied, 05-0967 (La.4/24/06), 926 So.2d 532.
In this case, reviewing the record de novo, we find that the evidence clearly establishes past lost wages in the amount of $8,240.00 for the one year and eight months prior to trial. The jury’s finding *1011 that past lost wages were $30,000.00 is not supported by the record. Furthermore, we find that the jury could have found that Martin was entitled to as much as $98,000.00 in future lost wages. The jury erred in finding that future lost wages were $0. After reviewing the record, and particularly the speculative nature of the plaintiffs future work plans, we find that a $80,000.00 award for past and future lost wages combined is appropriate. This is quantitatively the same result reached by the jury and expressed in the amended judgment of the trial court. Accordingly, we affirm the judgment of the trial court on the grounds stated above.
|4We need not discuss the appellant’s remaining assignment regarding the propriety of the trial court’s amendment under Louisiana Code of Civil Procedure Article 1951, as our discussion above renders it moot. However, we note that the trial court’s actions were in conformity with the clear intent of the jury and the findings of this court.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellants.
AFFIRMED.
GREMILLION, J., dissents and assigns written reasons.