MARC E. JOHNSON, Judge.
|2The parties appeal from a judgment awarding $7,823.89 to plaintiff, Frank Lo-zano, against defendant, GEICO General Insurance Company (GEICO), as a result of an automobile accident. For the reasons that follow, we reverse the judgment of the trial court.
This action arises out of an automobile accident that occurred on August 27, 2007, in which plaintiff was struck from behind by a vehicle driven by Terry Brown at the intersection of West 19th and Airline Highway. On June 20, 2008, plaintiff filed suit against Terry Brown, U.S. Agencies Casualty Insurance Company as Brown’s liability insurer, and GEICO as plaintiffs uninsured/underinsured motorist carrier. All three defendants filed answers, but only GEICO proceeded to trial.
At trial, the parties entered into several stipulations including the authenticity of certain medical bills, the use of Dr. Kenneth Adatto’s deposition as trial testimony, and GEICO’s status as plaintiffs uninsured/underinsured carrier, along with GEICO’s policy limits and declaration sheet. Plaintiffs counsel also goffered a stipulation that plaintiff “has received ten thousand dollars from, I believe it’s Permanent General as the at-fault liability *671 carrier of the defendant in this case.” In addition to these stipulations, plaintiffs case consisted of his own testimony. In summary, plaintiff suffered an aggravation of a pre-existing neck and back injury as a result of the accident. In its defense, GEICO submitted various medical records of plaintiff pre-dating the accident.
The trial judge took the matter under advisement and the parties submitted post-trial memorandums. After the matter was submitted but before the trial court rendered judgment, plaintiff filed a partial motion to dismiss Terry Brown and U.S. Agencies with prejudice on the basis the parties had amicably resolved the matter, which was granted. Plaintiff specifically reserved his rights against any other party, including “GEICO as the UM provider.”
Thereafter, the trial judge rendered judgment in favor of plaintiff and against GEICO in the amount of $7,823.89. The trial judge explained that the amount awarded was based on medical bills for the hospital and ambulance and thirty percent of the medical bills for plaintiffs treatment with Dr. Adatto, which was the percentage of aggravation to plaintiffs pre-existing condition caused by the accident. Both plaintiff and GEICO timely appealed.
Plaintiff appeals seeking an increase of the award of damages claiming the trial court erred in failing to award general damages, damages for loss of enjoyment of life, and penalties and attorney’s fees for GEICO’s arbitrary and capricious failure to pay the claim after being presented satisfactory proof of loss. GEICO appeals seeking reversal of the judgment on the basis there was no evidence the offending driver was under-insured so as to impose liability on GEI-CO as plaintiffs underinsured motorist carrier (UIM). We agree with GEICO.
14In order for an insured to recover against his UIM insurer, he must first prove the underinsured status of the offending motorist. Finley v. “ABC” Ins. Co., 06-581, p. 6 (La.App. 5 Cir. 12/27/06), 946 So.2d 330, 334. Louisiana Revised Statute 22:1295(6)[1] provides three methods for making a prima facie case that the owner or operator of the offending vehicle was either uninsured or underinsured: (1) an affidavit from the owner and operator of the alleged uninsured[2] vehicle stating that they did not have automobile liability insurance at the time of the accident; (2) an affidavit from the Department of Public Safety and Corrections regarding inquiry into the insurance of the owner and operator; or (3) admissible evidence showing the owner and operator of the alleged uninsured vehicle was a nonresident or not a citizen of Louisiana on the date of the accident. The effect of the prima facie evidence is to shift the burden of proof from the party alleging the underinsured status of the vehicle in question to their UIM insurer. La. R.S. 22:1295(6)(d). If a plaintiff fails to utilize any of these three methods, the plaintiff has the burden of proving that the offending vehicle was un-derinsured by other admissible evidence. Finley, 06-581 at 7, 946 So.2d at 334.
In awarding damages in favor of plaintiff and against GEICO, the trial court necessarily found plaintiff met his burden of proving the underinsured status of the offending driver, Ms. Brown. In this re *672 gard, we find the trial court committed manifest error.
The only evidence regarding the insurance status of the offending driver was the stipulation at the beginning of trial that plaintiff received $10,000 from the at-fault liability carrier. Contrary to plaintiffs assertion, such a stipulation does not prove that the offending driver was underin-sured. The stipulation was somewhat | pvague in that plaintiffs counsel stated the payment was made by “Permanent General” as opposed to U.S. Agencies, the alleged liability carrier of the offending driver. There was no evidence in the record that the parties stipulated that the $10,000 payment represented Ms. Brown’s policy limits, and there was no evidence of Ms. Brown’s policy limits. The record does not contain a copy of Ms. Brown’s insurance policy, the declaration sheet, a copy of the settlement check, or the release, any of which might have indicated Ms. Brown’s policy limits. There was absolutely no evidence showing Ms. Brown was an underin-sured motorist.[3] Absent any proof in the record that the offending driver was un-derinsured at the time of the accident, we are unable to find support for the imposition of liability against GEICO as plaintiffs UIM carrier.
We find that Mr. Lozano failed to present essential proof to establish the under-insured status of the offending driver, entitling him to recover against GEICO, his UIM provider. Accordingly, we reverse the trial court’s judgment casting GEICO in judgment and awarding $7,823.89 in damages, costs and judicial interest to Mr. Lozano, and dismiss Mr. Lozano’s petition against GEICO with prejudice. Because of our ruling, we find plaintiffs assignments of error regarding damages, penalties and attorney’s fees to be moot.

. Formerly La. R.S. 22:680(6).

. La. R.S. 22:1295(2)(b) provides that for purposes of coverage, the term "uninsured motor vehicle” is deemed to include an insured motorist vehicle when the automobile liability insurance coverage on such vehicle is less than the amount of damages sustained.

. Compare Gillmer v. Parish Sterling Stuckey, 09-901, p. 8 (La.App. 1 Cir. 12/23/09), 30 So.3d 782, 787-88, where the court found plaintiff sufficiently proved the underinsured status of the offending driver by submitting certified copies of the at-fault liability carrier’s declarations page and policy agreement, which established the monetary limits of the available liability coverage.